AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

# UNITED STATES DISTRICT COURT
for the

JAMES DOUGLAS LEWIS JR.
*Petitioner*

v.

HALLIE SCOTT DIXON, D.A.
BALDWIN COUNTY, ALABAMA,
HUEY "HOSS" MACK, SHERIFF
*Respondent*
*(name of warden or authorized person having custody of petitioner)*

Case No. 15-CV-273-CB-N
*(Supplied by Clerk of Court)*

FILED MAY 21 '15 PM 3 32 USDCALS

**PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241**

**Personal Information**

1. (a) Your full name: JAMES DOUGLAS LEWIS JR.
   (b) Other names you have used: JAMES D. LEWIS, JIMMY LEWIS
2. Place of confinement:
   (a) Name of institution: BALDWIN COUNTY CORRECTION CENTER
   (b) Address: 200 HAND AVENUE
   BAY MINETTE, ALABAMA, 36507
   (c) Your identification number: BCSO12MNI006427
3. Are you currently being held on orders by:
   ☐ Federal authorities ☒ State authorities ☐ Other - explain:
4. Are you currently:
   ☒ A pretrial detainee (waiting for trial on criminal charges)
   ☐ Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime
   If you are currently serving a sentence, provide:
   (a) Name and location of court that sentenced you:
   (b) Docket number of criminal case:
   (c) Date of sentencing:
   ☐ Being held on an immigration charge
   ☐ Other *(explain)*:

**Decision or Action You Are Challenging**

5. What are you challenging in this petition:

☐ How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example, revocation or calculation of good time credits)

☒ Pretrial detention

☐ Immigration detention

☐ Detainer

☐ The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory maximum or improperly calculated under the sentencing guidelines)

☐ Disciplinary proceedings

☒ Other *(explain)*: PETITIONER IS CHALLENGING THE LEGALITY OF HIS EXTRADITION TO ALABAMA, CLAIMING BOTH THE STATE OF PENNSYLVANIA & ALABAMA VIOLATED HIS CONSTITUTIONAL RIGHTS.

6. Provide more information about the decision or action you are challenging:

(a) Name and location of the agency or court: BALDWIN COUNTY, ALABAMA. CIRCUIT COURT. 312 COURTHOUSE SQUARE. BAY MINETTE, AL. 36507

(b) Docket number, case number, or opinion number: CC-2013-2193

(c) Decision or action you are challenging *(for disciplinary proceedings, specify the penalties imposed)*: PETITIONER IS CHALLENGING HIS EXTRADITION FROM THE STATE OF PENNSYLVANIA, CLAIMING THE STATE OF ALABAMA VIOLATED HIS CONSTITUTIONAL RIGHTS BY VIOLATING THE UNIFORM CRIMINAL — CONT—

(d) Date of the decision or action: NOVEMBER 22, 2013.

**Your Earlier Challenges of the Decision or Action**

7. **First appeal**

Did you appeal the decision, file a grievance, or seek an administrative remedy?

☒ Yes ☐ No

(a) If "Yes," provide:

(1) Name of the authority, agency, or court: ALLEGHENY COUNTY PRISON. 950 SECOND AVE, PITTSBURGH, PA. 15219

(2) Date of filing: NOVEMBER 12, 2013

(3) Docket number, case number, or opinion number: MD-04361-2013

(4) Result: PRISON NOTIFIED DISTRICT ATTORNEY THERE WAS NO WARRANT.

(5) Date of result: NOVEMBER 18, 2013.

(6) Issues raised: PETITIONER NOTIFIED PRISON STAFF OF COURT ORDER FOR WARRANT HOLDING HIM WHICH EXPIRED ON 11-12-2013. PETITIONER FURTHER STATED TO OFFICIALS OF HIS BEING HELD ILLEGALLY AFTER 11-12-13 BECAUSE HE HAD — CONT—

(CONTINUED FROM PAGE 3 OF 10)

6. (C) – EXTRADITION ACT, BY FAILING TO SECURE A VALID GOVENOR'S WARRANT FROM THE EXECUTIVE AUTHORITY OF THE STATE OF PENNSYLVANIA. PETITIONER FURTHER CLAIMS THAT HIS CONSTITUTIONAL RIGHTS TO DUE PROCESS WERE VIOLATED, WHEREBY HE WAS DENIED HIS OPPORTUNITY UNDER STATE AND FEDERAL LAW TO FILE FOR A WRIT OF HABEAS CORPUS IN PENNSYLVANIA BEFORE HIS EXTRADITION (PA. 42 CSA 9131) AND THEN WAS SUBSEQUENTLY DENIED THE SAME OPPORTUNITY ONCE IN THE STATE OF ALABAMA. (AL 15-9-38).

7. (b) BEEN HELD FOR 90 CONSECUTIVE DAYS TO AWAIT EXTRADITION. (PA 42 CSA 9136 & 9138) SINCE PETITIONER FACED NO CHARGES IN THE STATE OF PENNSYLVANIA AND HIS WARRANT OF COMMITMENT EXPIRED ON NOV. 12. 2013, AS PER COURT-ORDER SIGNED BY JUDGE JEFFERY MANNING ON SEPT 12, 2013 (SEE ATTACHED) THE PETITIONER WAS TO BE RELEASED FROM CUSTODY ON THAT DATE.

SEE ATTACHMENT PAGE. 7). (6)

(b) If you answered "No," explain why you did not appeal:

8. **Second appeal**

After the first appeal, did you file a second appeal to a higher authority, agency, or court?

☒ Yes ☐ No

(a) If "Yes," provide:

(1) Name of the authority, agency, or court: BALDWIN COUNTY CIRCUIT COURT. JODY BISHOP, JUDGE. 312 COURTHOUSE SQ. BAY MINETTE AL. 36507

(2) Date of filing: JULY 29, 2014 - NOTICE FOR INTENT FOR HABEAS CORPUS

(3) Docket number, case number, or opinion number: CC-2013-2193

(4) Result: DENIED

(5) Date of result: OCTOBER 14, 2014

(6) Issues raised: PETITIONER'S COURT APPOINTED COUNSEL BROUGHT FORTH PETITIONER'S RIGHT TO APPLY FOR WRIT OF HABEAS CORPUS UNDER 15-9-38. PETITIONER HIMSELF TRIED TO ASSERT HIS CLAIM OF THE STATE OF ALABAMAS FAILURE TO PRODUCE GOVENOR'S WARRANT. PETITIONER'S COUNSEL HOWEVER NEVER FILED HABEAS CORPUS PETITION, FURTHER COUNSEL NEVER FILED BRIEFS ORDERED BY THE COURT →

(b) If you answered "No," explain why you did not file a second appeal:

9. **Third appeal**

After the second appeal, did you file a third appeal to a higher authority, agency, or court?

☒ Yes ☐ No

(a) If "Yes," provide:

(1) Name of the authority, agency, or court: ALABAMA CRIMINAL COURT OF APPEALS, P.O. BOX 301555, MONTGOMERY AL. 36130-1555

(2) Date of filing: OCTOBER 22, 2014

(3) Docket number, case number, or opinion number: CR-14-185

(4) Result: DISMISSED, COURT RULED THAT ISSUED COULD — CONT —

(5) Date of result: APRIL 14, 2015

(6) Issues raised: PETITIONER'S NEW COUNSEL RAISED 15-9-38 ALA. CODE, 1975, RIGHT TO CHALLENGE LEGALITY OF ARREST PRISONER SHALL BE ALLOWED TO FILE A WRIT OF HABEAS

(CONTINUED FROM PAGE 4 OF 10)

8. (6) — TO SUPPORT THE PETITIONER'S CLAIM. THE COURT THEN ERRORED IN NOT ALLOWING THE PETITIONER THE OPPORTUNITY TO FILE THE WRIT OF HABEAS CORPUS, AND THEN LATER ISSUED AN ORDER DENYING A WRIT OF HABEAS CORPUS WHICH WAS NEVER FILED WITH THE COURT. IN DOING SO THE COURT CAUSED FURTHER DELAY WHEREAS WHEN PETITIONER FILED HIS APPEAL WITH THE ALABAMA CRIMINAL COURT OF APPEALS (CR-0185) AND BECAUSE THE WRIT OF HABEAS CORPUS HAD NEVER BEEN FILED BY COUNSEL, THE APPEAL WAS THEREBY DISMISSED.

9. (4) (PETITIONER NEW APPOINTED COUNSEL) — RAISED BECAUSE WRIT OF HABEAS CORPUS WAS NEVER FILED. COURT RULED APPEAL COULD NOT MOVE FORWARD. (SEE ATTACHED

CORPUS. COUNSEL HAD NO KNOWLEDGE OF CASE BECAUSE HE DID NOT HAVE CASE FILE, AND ONLY FILED APPEAL TO MAKE DEAD-LINE.

(b) If you answered "No," explain why you did not file a third appeal: __________

10. **Motion under 28 U.S.C. § 2255**

In this petition, are you challenging the validity of your conviction or sentence as imposed?

☐ Yes ☒ No

If "Yes," answer the following:

(a) Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?

☐ Yes ☒ No

If "Yes," provide:

(1) Name of court: __________

(2) Case number: __________

(3) Date of filing: __________

(4) Result: __________

(5) Date of result: __________

(6) Issues raised: __________

(b) Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A), seeking permission to file a second or successive Section 2255 motion to challenge this conviction or sentence?

☐ Yes ☒ No

If "Yes," provide:

(1) Name of court: __________

(2) Case number: __________

(3) Date of filing: __________

(4) Result: __________

(5) Date of result: __________

(6) Issues raised: __________

(c) Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your conviction or sentence: ______

11. **Appeals of immigration proceedings**

Does this case concern immigration proceedings?

❒ Yes ■ No

If "Yes," provide:

(a) Date you were taken into immigration custody: ______

(b) Date of the removal or reinstatement order: ______

(c) Did you file an appeal with the Board of Immigration Appeals?

❒ Yes ❒ No

If "Yes," provide:

(1) Date of filing: ______

(2) Case number: ______

(3) Result: ______

(4) Date of result: ______

(5) Issues raised: ______

(d) Did you appeal the decision to the United States Court of Appeals?

❒ Yes ■ No

If "Yes," provide:

(1) Name of court: ______

(2) Date of filing: ______

(3) Case number: ______

(4) Result: ______

(5) Date of result: ______

(6) Issues raised: ______

12. **Other appeals**

Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues raised in this petition?

☒ Yes ☐ No

If "Yes," provide:

(a) Kind of petition, motion, or application: 1) PETITION TO COMPEL TO PRODUCE GOVENOR — CONT.—

(b) Name of the authority, agency, or court: BALDWIN COUNTY CIRCUIT COURT. CLERK OF COURTS. 312 COURTHOUSE SQ. BAY MINETTE, AL. 36507

(c) Date of filing: JANUARY 2, 2015

(d) Docket number, case number, or opinion number: CC-2013-2193

(e) Result: CLERK REFUSED TO FILE PRO-SE MOTIONS,

(f) Date of result: JANUARY 4, 2015 –

(g) Issues raised: 1) PETITIONER RAISED ISSUES CONCERNING RULES 16.1 A.R.C.P. ON DISCOVERY. 2) OPPORTUNITY TO REFILE HABEAS CORPUS PETITION. 3). PETITIONER ASKED COURT TO RECOGNIZE HIS PRO-SE STATUS IN THE CRIMINAL COURT OF APPEALS. 4) PETITIONER RAISED HIS RIGHT TO RECEIVE A COPY OF VALID GOVENOR'S WARRANT WHICH TO THE PRESENT DATE HE HAS NEVER RECEIVED.

## Grounds for Your Challenge in This Petition

13. State every ground (reason) that supports your claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**GROUND ONE:** PETITIONER STATES THAT HE WAS DENIED HIS CONSTITUTIONAL RIGHT TO COUNSEL DURING HIS ARREST DETENTION AND EXTRADITION, WHILE IN THE STATE OF PENNSYLVANIA AND AFTER HIS ARRIVAL IN ALABAMA.

(CONTINUED 7 OF 10)

12) (A) (1) WARRANT AND ALL DOCUMENTATION CONCERNING EXTRADITION.

(2) MOTION TO FILE WRIT OF HABEAS CORPUS.

3) MOTION TO PROCEED PRO-SE.

4) MOTION TO COMPEL DISCOVERY - (I.E. ALL OF THE EXTRADITION PAPERWORK SUBMITTED BY THE DISTRICT ATTORNEY OF BALDWIN CO. AL. TO THE DISTRICT ATTORNEY OF ALLEGHENY CO. PA. TO REQUEST THE 60 DAY EXTENSION OF 12 SEPTEMBER 2013.

5) MOTION TO COMPEL DISCOVERY - (FILED WITH ALABAMA CRIMINAL COURT OF APPEALS) TO AGAIN ASK FOR ALL EXTRADITION PAPERWORK AND COPY OF GOVENOR'S WARRANT.

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

LEWIS WAS DENIED LEGAL COUNSEL FROM HIS ARREST ON AUG. 14. 2013 UNTIL JAN. 15, 2014. THIS FACT WAS RAISED BY LEWIS DURING HEARING ON SEPT. 12, 2013 BEFORE JUDGE J. MANNING. AND IS PART OF THE COURT RECORD. AND AGAIN BEFORE JUDGE BISHOP ON SEPT. 22, 2014 - (SEE PAGE R-6 LINE 10 OF TRANSCRIPT)

(b) Did you present Ground One in all appeals that were available to you?

❒ Yes ❒ No

**GROUND TWO:** PETITIONER WAS DENIED HIS OPPORTUNITY TO FILE A CHALLENGE TO TEST THE LEGALITY OF HIS ARREST IN THE STATE OF PENNSYLVANIA, AND GIVEN THE REASONABLE TIME TO APPLY FOR A WRIT OF HABEAS CORPUS. (PA. 42 CSA 9131)

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

BECAUSE THE GOVENOR'S WARRANT DID NOT ARRIVE WITHIN THE PRESCRIBED DATE, NOV. 12, 2013 LEWIS WAS DENIED HIS RIGHT TO A HEARING AS STATED IN THE "UNIFORM CRIMINAL EXTRADITION ACT". LEWIS PROMPTLY NOTIFIED THE PRISON STAFF AND PUBLIC DEFENDERS OFFICE IN PENNSYLVANIA (SEE ATTACHED) BUT WAS NEVER TAKEN BEFORE A JUDGE TO BE ALLOWED TO ARGUE THE TIMELINESS OF THE WARRANT.

(b) Did you present Ground Two in all appeals that were available to you?

❒ Yes ❒ No

**GROUND THREE:** PETITIONER WAS HELD IN CUSTODY AFTER THE EXTENSION WHICH WAS GRANTED ALLOWING THE STATE OF ALABAMA THE FULL 90 DAY TIME LIMIT TO OBTAIN A GOVENOR'S WARRANT HAD EXPIRED ON NOVEMBER 12, 2013

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

LEWIS WAS HELD IN THE ALLEGHENY CO. PRISON UNTIL NOV. 22, 2013, 11 DAYS PAST THE EXPIRATION OF THE WARRANT THAT WAS SIGNED ON SEPT. 12. 2013. SINCE LEWIS WAS FACING NO CHARGES IN PA., HE SHOULD HAVE BEEN RELEASED FROM CUSTODY ON NOV. 12, 2013. FURTHER EXAMINATION OF THE EXTENSION SIGNED IN PA, SHOWS THAT THE ORDER ACTUALLY GAVE ALA. 61 DAYS. IN WHICH TO FURTHER EXTRADITE LEWIS

(b) Did you present Ground Three in all appeals that were available to you?

❒ Yes ❒ No

**GROUND FOUR:** PETITIONER WAS DENIED HIS CONSTITUTIONAL RIGHT OF DUE PROCESS, WHEN THE PENNSYLVANIA COURTS FAILED TO BRING HIM BEFORE A JUDGE ON NOV. 12, 2013 TO SEEK FURTHER COMMITMENT. AT WHICH TIME HE WAS TO BE RELEASED.

(a) Supporting facts *(Be brief. Do not cite cases or law.)*: LEWIS WAS NEVER TAKEN BEFORE A JUDGE IN PA. TO BE ABLE TO CHALLENGE HIS CONTINUED CONFINEMENT AFTER NOV. 12, 2013, AND SINCE LEWIS WAS ALSO DENIED COUNSEL HE HAD NOONE TO SPEAK ON HIS BEHALF BEFORE THE COURTS. THEREFORE LEWIS WAS AT THE MERCY OF THE JUSTICE SYSTEM WHICH AS IT TURNED OUT FAILED TO PROTECT HIM FROM ITSELF.

(b) Did you present Ground Four in all appeals that were available to you?

☒ Yes ☐ No

14. If there are any grounds that you did not present in all appeals that were available to you, explain why you did not: (SEE ATTACHED) GROUNDS 5 THRU 14. PETITIONER WAS DENIED THE OPPORTUNITY TO FILE WRIT OF HABEAS CORPUS AND WAS BARRED FROM FILING MOTIONS WITH THE BALDWIN CO. COURTS BY THE CLERK.

**Request for Relief**

15. State exactly what you want the court to do: PETITIONER PRAYS THE HONORABLE COURT WILL CONSIDER HIS CLAIMS THAT TEST THE OVERALL LEGALITY OF HIS EXTRADITION TO ALABAMA, BY THE BALDWIN COUNTY DISTRICT ATTORNEY HALLIE S. DIXON'S OFFICE. HE FURTHER PRAYS THE COURT GRANT HIM A HEARING IN WHICH EVIDENCE AND TESTIMONY CAN BE GIVEN TO DETERMINE WETHER THERE WAS POSSIBLE WRONG DOING OR EVEN CRIMINAL MISCONDUCT ON THE PART OF MS. DIXON'S OFFICE. FINALLY THE PETITIONER PRAYS THE HONORABLE COURT WILL GRANT HIS WRIT OF HABEAS CORPUS AND FREE HIM FROM DETENTION, AND ALLOW HIM TO PROCEED WITH CIVIL ACTION AGAINST ALL PARTIES RESPONSIBLE FOR HIS ILLEGAL DETENTION, AND DO SO WITH PREDJUDICE AGAIST THE STATE OF ALABAMA.

RESPECTFULLY,
JAMES D. LEWIS JR.
[signature]

**Declaration Under Penalty Of Perjury**

If you are incarcerated, on what date did you place this petition in the prison mail system:

MAY, 18, 2015 AT 14:25 HRS.

I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct. I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date: 5/18/15

[signature] PRO-SE.
*Signature of Petitioner*

*Signature of Attorney or other authorized person, if any*

# MOTIONS AND RECORD

(PAGE ONE) ADDITIONAL GROUNDS: 5 THROUGH 14

GROUND FIVE: PETITIONER WAS ARRESTED IN THE STATE OF PENNSYLVANIA AS A FUGITIVE FROM JUSTICE. THE STATE OF ALABAMA DID NOT HAVE A VALID WARRANT FOR ARREST ISSUED UNTIL OCTOBER 1, 2013. WHEREBY PETITIONER WAS HELD FROM AUGUST 14, 2013 TO OCTOBER 1, 2013 WITHOUT PROBABLE CAUSE, OR A VALID ARREST WARRANT.

SUPPORTING FACTS: THE ONLY ARREST WARRANT WHICH HAS EVER BEEN SHOWN OR SERVED ON LEWIS WAS ISSUED ON OCT. 1, 2013 SIGNED BY JUDGE ROBERT WILTERS, THIS IS THE ONLY WARRANT INCLUDED IN THE DISCOVERY MATERIALS GIVEN TO PETITIONER. LEWIS WAS ARRESTED IN PENNSYLVANIA ON A SUPPOSED WARRANT FROM ALABAMA ON AUG, 14 2013.

GROUND SIX: PETITIONERS RIGHTS TO DUE PROCESS WERE VIOLATED, WHEREBY HE HAVING REQUESTED THROUGH DISCOVERY, PETITIONER HAS BEEN DENIED ACCESS TO ALL DOCUMENTS CONCERNING HIS EXTRADITION.

SUPPORTING FACTS: SINCE LEWIS' ARREST IN AUGUST OF 2013 HE HAS CONTINIOUSLY ATTEMPTED TO OBTAIN ALL DOCUMENTATION CONCERNING HIS EXTRADITION, LEWIS REQUESTED HIS COURT APPOINTED ATTORNEY J. CALI ARMSTRONG ON JANUARY 27, 2014 TO DO SO IN A LETTER. THIS WAS NEVER DONE, AS OF THIS DATE MR. LEWIS STILL HAS NEVER SEEN, NOR RECEIVED THESE DOCUMENTS. ALL ATTEMPTS BY LEWIS HAVE BEEN DENIED.

ACR380

ALABAMA JUDICIAL DATA CENTER
GRAND JURY OF BALDWIN COUNTY
WARRANT OF ARREST

GJ 2013 090186.00
TERM #: 9-186

TO ANY LAW ENFORCEMENT OFFICER OF THE STATE OF ALABAMA:

AN INDICTMENT HAS BEEN RETURNED BY THE GRAND JURY OF BALDWIN COUNTY

AGAINST LEWIS JAMES
19480 CO RD 8 LOT 33
GULF SHORES AL 36542-0000

CHARGING THE OFFENSE OF:

| | | | |
|---|---|---|---|
| FIREARM-ALTER IDENT | 13A-011-064(1) | CNTS: | 1 |
| FIREARM-PERSONS FORB | 13A-011-072 | CNTS: | 1 |

YOU ARE THEREFORE ORDERED TO ARREST THE PERSON NAMED ABOVE AND BRING THAT PERSON BEFORE A JUDGE OR MAGISTRATE OF THIS COURT TO ANSWER THE CHARGES AGAINST THAT PERSON AND HAVE WITH YOU THEN AND THERE THE WARRANT OF ARREST WITH YOUR RETURN THEREON. IF A JUDGE OF MAGISTRATE OF THIS COURT IS UNAVAILABLE, OR IF THE ARREST IS MADE IN ANOTHER COUNTY, YOU SHALL TAKE THE ACCUSED PERSON BEFORE THE NEAREST OR MOST ACCESSIBLE JUDGE OF MAGISTRATE IN THE COUNTY OF ARREST.

BOND SET AT: $7,500.00

DATE ISSUED: 10/01/2013 JODY WISE CAMPBELL
CLERK BY [signature]

EXECUTED THIS 25 DAY OF November, 2013, BY ARRESTING THE WITHIN NAMED DEFENDANT James Lewis.

LAW ENFORCEMENT OFFICER
BY: [signature]

DEFENDANT'S FEATURES:

HT: 5'11" HAIR: BRO DOB: 08/09/1963
WT: 160 SEX: M EYE: BLU RACE: W
SSN: 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
ADDTL COMMENTS: ____________

10/01/2013 LOP

RECEIVED
OCT 01 2013
BALDWIN COUNTY SHERIFF'S OFFICE

# CAPIAS WARRANT DATA WORKSHEET

Grand Jury # 13-9-186

Defendant's Name: James Lewis

Address: 19480 County Road 8, Lot# 33
Gulf Shores, AL 36542

Directions:

Defendant's Physical Description

Height 5'11" Weight 160

Hair Color BROWN Eye Color Blue

DOB 8-9-63 Sex MALE Race WHITE

Scars, Marks, Tattoo(s) or other features

Defendant's

Social Security Number 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 / PA# 20223037

Alias or Nick Name

Charge(s) / Offense(s) Possession of an Altered Firearm 13A-11-64

Other Information that may aid in Defendant's Arrest (Places, Relatives, Hangouts)

CA. DL# 10284492

CASE AGENT'S NAME: CPL Jed Davis

LAW ENFORCEMENT AGENCY: BALDWIN COUNTY SHERIFF'S OFFICE

CONTACT NUMBER(S) 251-972-8589 opt# 6 FAX 251-580-2565

**Grand Jury No :** 13-09-186

**A TRUE BILL :** YES

Ann Wetherbee

**Foreperson Grand Jury**

Filed in open Court the 20 day of SEPTEMBER, 2013, in the presence of the Grand Jury.

Jody Wise Campbell

**Clerk**

Presented to the presiding judge in open Court by the Foreperson of the Grand Jury, in the presence of 17 other Grand Jurors, and filed by order of Court this 20 day of SEPTEMBER, 2013.

Jody Wise Campbell

**Clerk**

Bail fixed at $ 7500 this 20th day of SEPTEMBER, 2013.

Robert Wilters

**Judge Presiding**

**THE STATE OF ALABAMA**
**BALDWIN COUNTY**
**CIRCUIT COURT**
**SEPTEMBER, 2013**

THE STATE
VS.
**JAMES LEWIS**
19480 COUNTY ROAD 8 LOT 33
GULF SHORES, AL, 36542

**INDICTMENT**
FIREARM-ALTER IDENT
FIREARM-PERSONS FORBIDDEN/POSS

**WITNESS**

JED DAVIS, BCSO- 310 HAND AVE., BAY MINETTE AL 36507
BALDWIN CO SHERIFFS DEPT

ARMSTRONG LAW FIRM INC.
J. CALI ARMSTRONG
1203 HWY 98, SUITE C.
P.O. BOX 1064
DAPHNE, ALABAMA 36526

JANUARY 27. 2014

RE; STATE OF ALABAMA V. JAMES LEWIS; CC2013-2193

DEAR MS. ARMSTRONG,

FIRST LET ME BEGIN BY APOLIGIZING FOR NOT RESPONDING SOONER TO YOUR LETTER OF JANUARY 16. I HAVE BEEN BATTLING A CASE OF THE FLU, AND AM JUST NOW GETTING BACK TO NORMAL. I HAVE HOWEVER BEGUN TO COMPILE SOME OF THE FACTS OF WHAT I DO KNOW ABOUT MY CASE/CASES AND WILL BEGIN TO PUT EVERYTHING INTO A COMPLETE SUMMARY TO TRY TO ESTABLISH SOME SORT OF TIMELINE OF EVENTS. ONCE IT IS COMPLETE I WILL NOTIFY YOU SO THAT YOU CAN MAKE ARRAINGMENTS TO MEET WITH ME AT THE JAIL TO DISCUSS MY CASE. I CAN TELL YOU AT THIS TIME I DO NOT INTEND ON ACCEPTING ANY PLEA DEALS AND THAT IT IS MY FULL INTENSION ON TAKING THIS CASE TO TRIAL.

I WOULD ASK THAT I BE PROVIDED WITH A FULL COPY OF THE DISCOVERY, AND THAT YOU SUBPEONA THE ENTIRE RECORD OF EXTRADITION, (I.E. ALL WARRANTS, AFFIDAVITS, GOVENOR WARRANT, ALL COPIES OF COMMUNICATIONS WITH ALLEGHENY CO. PA. DISTRICT ATTORNEY'S OFFICE, FORMAL REQUESTS ECT. AND PROVIDE THESE DOCUMENTS TO ME AS SOON AS THE ARE AVAILABLE. I WOULD ALSO REQUEST THAT YOU DO THE SAME FOR THE PHONE RECORDS OF D.A. HALLIE DIXON, AND THE OFFICE OF INVESTIGATIONS FOR B.C.S.O. FOR THE DATES OF FEB. 15 - MAR. 15, 2013., ALSO MY PHONE RECORDS FROM STRAIGHTTALK FOR THE NUMBER 251-223-6104, THESE DOCUMENTS WILL HELP YOU TO LAY A FOUNDATION FOR THE DEFENSE I INTEND TO USE. MS. ARMSTRONG I WANT YOU TO KNOW, I'M MORE INTRESTED IN JUSTICE, THAN I AM IN GETTING OUT OF JAIL. THE VIOLATIONS OF MY CONSTITUTIONAL RIGHTS BY THE STATES OF PENNSYLVANIA AND ALABAMA BOTH WILL ENSURE THAT HAPPENS IN DUE TIME, IN THE MEANTIME I WILL BE ANXIOUSLY AWAITING THE REQUESTED MATERIALS. THANK YOU FOR YOUR TIME AND CONSIDERATION.

SINCERELY; [signature]




# JODY WISE CAMPBELL
## CIRCUIT CLERK
## 28TH JUDICIAL CIRCUIT
## BALDWIN COUNTY, ALABAMA

Updated October 2, 2014

**WELCOME TO JAIL**
**ANSWERS TO FREQUENTLY ASKED QUESTIONS**

I have seen a theme of questions in letters from inmates in the Baldwin County Correctional Facility. In order to give you information and help streamline the mail process, the following are tips and procedures to help both inmates and the Clerk's Office. The purpose of this memo is to help you understand the Criminal Justice Process.

**"THE WHEELS OF JUSTICE GRIND SLOWLY."** This is a true statement. Try to be patient even though you are anxious to get out of jail and have your case heard. Thousands of cases go through this system each year so please be patient. We are working as hard and fast as we can. **Please don't write the same letter day after day. Due to budget and staff cuts, the Circuit Clerk's office no longer has the personnel to write back and forth with inmates. You will receive this memo but not much more after that. We simply do not have the time to research all your questions. We have no control over when you go to court anyway. When you get an attorney, you MUST contact him or her to find out about your case and to file all motions and other pleadings.**

**NOTE: WE WILL NO LONGER PROCESS PRO SE MOTIONS IF YOU HAVE AN ATTORNEY OF RECORD. ALL PLEADINGS MUST BE FILED THROUGH YOUR ATTORNEY. IF YOU DO NOT HAVE AN ATTORNEY, FILL OUT AN AFFIDAVIT OF HARDSHIP TO HAVE ONE APPOINTED.**

**THE PROCESS OF THE JUSTICE SYSTEM**--- If you have been arrested on a felony (other than a drug offense) charge, you will receive a court date called a "status docket." If you have **not** made bond as of your status date, you will **not** be taken to the courthouse, but will meet with an attorney at a designated place in the jail, usually in the jail courtroom. ***The lawyer has not been assigned to your case but is there to assist you in answering general questions about the criminal court process.*** He will discuss your case with you, if you wish, and your options of a preliminary hearing, a possible plea offer, etc. You may appear before a judge by video conference if you choose. If you choose to plead guilty before indictment (case going to grand jury), you will receive another court date (which will also be a status docket date). At that time you will appear

(PAGE TWO)

GROUND SEVEN: PETITIONER'S RIGHT TO SELF-REPRESENT WAS DENIED WITHOUT A HEARING, OR CAUSE WHICH CAUSED HIM TO BE DETAINED WITHOUT REPRESENTATION FOR 51 DAYS AFTER HIS EXTRADITION TO ALABAMA.

SUPPORTING FACTS: LEWIS FILED A MOTION TO PROCEED PRO-SE, ON DEC. 10. 2013. THIS MOTION WAS NOT THEN ELECTRONICALLY FILED UNTIL DEC. 23, 2013 (SEE ATTACHED) AND WAS NEVER BROUGHT BEFORE THE COURT FOR A RULING. LEWIS ALSO FILED FOR DISCOVERY ON 12.10.13, AND AS THE CASE ACTION SUMMARY WILL SHOW, THIS MOTION WAS ALSO NEVER RULED ON. (SEE ATTACHED) LEWIS WAS NOT APPOINTED COUNSEL UNTIL 1.15.14.

GROUND EIGHT: PETITIONER CLAIMS HIS RIGHTS UNDER THE "UNIFORM CRIMINAL EXTRADITION ACT" WERE VIOLATED, THEREBY VIOLATING HIS CONSTITUTIONAL RIGHTS AS PROVIDED IN PA. 42 CSA 9123 AND AL 15-9-60 AND AL. 15-9-61.

SUPPORTING FACTS: LEWIS ARGUES THAT SINCE HE WAS NOT ONLY HELD ILLEGALLY IN THE STATE OF PA. BUT WAS ALSO DENIED COUNSEL AT A STRATEGIC POINT IN HIS CASE, AFTER ARREST AND DURING THE EXTRADITION PROCESS, HIS CONSTITUTIONAL RIGHTS WERE VIOLATED. LEWIS ALSO ARGUES THAT BECAUSE HE WAS EXTRADITED TO ALABAMA BY VIOLATING HIS RIGHTS, THAT HE HAS BEEN FALSLEY IMPRISONED NOT ONLY IN PENNSYLVANIA, BUT FOR THE PAST 609 DAYS IN THE STATE OF ALABAMA.

ELECTRONICALLY FILED
12/23/2013 1:51 PM
05-CC-2013-002193.00
CIRCUIT COURT OF
BALDWIN COUNTY, ALABAMA
JODY WISE CAMPBELL, CLERK

IN THE DISTRICT COURT OF BALDWIN COUNTY, ALABAMA

CIRCUIT COURT
BALDWIN COUNTY, AL
FILED
DEC 10 2013
JODY W. CAMPBELL
CIRCUIT CLERK

STATE OF ALABAMA
VS.
JAMES D. LEWIS JR.

BCSO 12 MNI00642701
CC# 13-~~11984~~ 2193
(ALL CASES INCLUDED)

# MOTION TO PROCEED "PRO-SE"

AND NOW COMES THE DEFENDANT, JAMES D. LEWIS JR, ON THIS THE 9th DAY OF DECEMBER, 2013 TO PETITION THE COURT TO PROCEED "PRO-SE" FOR ANY AND ALL FUTURE CASES BEFORE THE HONORABLE COURT FOR REASONS AS FOLLOW;

1) PETITIONER IS INDIGENT WITH NO FINANCIAL MEANS TO AFFORD PAID COUNSEL.
2) PETITIONER STATES THAT TIME IS OF THE ESSENCE TO ADJUDICATE THE CASES AGAINST HIM BECAUSE OF HEALTH REASONS, AND THAT CASE BACKLOG WITHIN COURT APPOINTED COUNSEL DOCKETS WOULD CAUSE UNDUE DELAY.

3) PETITIONER STATES HE FEELS CONFIDENT IN HIS ABILITY TO REPRESENT HIMSELF TO ADJUDICATE SAID CASES.

WHEREFORE PETITIONER PRAYS THAT THIS HONORABLE COURT WILL GRANT HIS PETITION TO REPRESENT HIMSELF I.E "PRO-SE" IN THE FOLLOWING ACTIONS.

RESPECTFULLY SUBMITTED,
JAMES D. LEWIS JR.
James D. Lewis Jr.
PETITIONER.

When a demand shall be made upon the Governor of this state by the executive authority of another state for the surrender of a person so charged with crime, the Governor may call upon the Attorney General or any prosecuting officer in this state to investigate or assist in investigating the demand, and to report to him the situation and circumstances of the person so demanded, and whether he ought to be surrendered.

**§ 15-9-33. What supporting documents to show.**

A warrant of extradition must not be issued unless the documents presented by the executive authority making the demand show that the accused was present in the demanding state at the time of the commission of the alleged crime and that he thereafter fled from that state and is now in this state, and that he is lawfully charged by indictment or by an information filed by a prosecuting officer and supported by affidavit to the facts, or by affidavit made before a magistrate in that state, with having committed a crime under the laws of that state, or that he has been convicted of crime in that state and has escaped from confinement or broken his parole.

**§ 15-9-34. Surrender of person committing act in Alabama resulting in crime in another state.**

On demand of the executive authority of any other state, the Governor of this state may also surrender any person in this state charged on indictment found in such other state with committing an act in this state intentionally resulting in a crime in such other state, and the provisions of this division not otherwise inconsistent shall apply in such cases, notwithstanding that the accused was not in that state at the time of the commission of the crime and has not fled therefrom.

**§ 15-9-35. Arrest warrant -- Issuance; contents.**

If the Governor shall decide that an extradition demand should be complied with, he shall sign a warrant of arrest, which shall be sealed with the state seal and be directed to a sheriff, marshal, coroner or other person whom he may think fit to entrust with the execution thereof. The warrant must substantially recite the facts necessary to the validity of its issue.

**§ 15-9-36. Arrest warrant -- Authorization to arresting officer.**

A warrant of arrest issued by the Governor under this division shall authorize the officer or other person to whom directed to arrest the accused at any place where he may be found within the state and to command the aid of all sheriffs and other peace officers in the execution of the warrant, and to deliver the accused subject to the provisions of this division to the duly authorized agent of the demanding state.

(GROUND EIGHT)

crime in any other state and, except in cases arising under Section 15-9-34, with having fled from justice; or whenever complaint shall have been made before any district or circuit court judge in this state setting forth on the affidavit of any credible person in another state that a crime has been committed in such other state, that the accused has been charged in such state with the commission of the crime and, except in cases arising under Section 15-9-34, that he has fled from justice and is believed to have been found in this state, the judge shall issue a warrant directed to the sheriff of the county in which the oath or complaint is filed, directing him to apprehend the person charged, wherever he may be found in this state, and bring him before the same or any other district or circuit court judge who may be convenient of access to the place where the arrest may be made to answer the charge or complaint and affidavit. A certified copy of the sworn charge or complaint and affidavit upon which the warrant is issued shall be attached to the warrant.

**§ 15-9-41. Arrest without warrant -- When authorized; persons authorized to make arrest; appearance of accused before judge.**

The arrest of a person may be lawfully made also by an officer or a private citizen without a warrant upon reasonable information that the accused stands charged with a crime punishable by death or life imprisonment in the courts of another state. When so arrested, the accused must be taken before a district or circuit court judge with all practicable speed and complaint must be made against him under oath setting forth the ground for the arrest as in Section 15-9-40, and thereafter his answer shall be heard as if he had been arrested on a warrant.

**§ 15-9-42. Arrest without warrant -- Commitment to jail or admission to bail.**

If, from the examination before the district or circuit court judge, it appears that the person held is the person charged with having committed the crime alleged, that he probably committed the crime and, except in cases arising under Section 15-9-34, that he has fled from justice, the judge must commit him to jail by a warrant reciting the accusation for such a time specified in the warrant as will enable the arrest of the accused to be made under a warrant of the Governor on a requisition of the executive authority of the state having jurisdiction of the offense, unless the accused gives bail as provided in Section 15-9-43, or until he shall be legally discharged.

**§ 15-9-43. Arrest without warrant -- When accused to be admitted to bail; conditions of bail.**

Unless the offense with which the prisoner is charged is shown to be an offense punishable by death or life imprisonment under the laws of the state in which it was committed, the district or circuit court judge must admit the person arrested to bail by bond or undertaking, with sufficient sureties and in such sum as he deems proper, for his appearance before him at a time specified in such bond or undertaking, and for his surrender, to be arrested upon the warrant of the Governor of this state.

**§ 15-9-44. Arrest without warrant -- Failure to arrest accused on Governor's warrant within time specified.**

If the accused is not arrested under warrant of the Governor by the expiration of the time specified in the warrant, bond or undertaking, the district or circuit court judge may discharge him, may recommit him to a further day or may again take bail for his appearance and surrender, as provided in Section 15-9-43. At the expiration of the second period of commitment, or if he has been bailed and appeared according to the terms of his bond or undertaking, the judge may either discharge him or may require him to enter into a new bond or undertaking to appear and surrender himself at another day.

**§ 15-9-45. Arrest without warrant -- Forfeiture of bail.**

If the prisoner is admitted to bail and fails to appear and surrender himself according to the condition of his bond, the court, by proper order, shall declare the bond forfeited, and recovery may be had thereon in the name of the state as in the case of other bonds or undertakings given by the accused in criminal proceedings within this state.

**§ 15-9-46. When prosecution already instituted in Alabama.**

If a criminal prosecution has been instituted against such person under the laws of this state and is still pending, the Governor, at his discretion, either may surrender him on the demand of the executive authority of another state, or may hold him until he has been tried and discharged or convicted and punished in this state.

**§ 15-9-47. Inquiry into guilt or innocence of accused.**

The guilt or innocence of the accused as to the crime of which he is charged may not be inquired into by the Governor or in any proceeding after the demand for extradition accompanied by a charge of crime in legal form as provided in this division shall have been presented to the Governor, except as it may be involved in identifying the accused held as the person charged with the crime.

**§ 15-9-48. Constraint on use for collection of debt, demand or claim.**

Nothing in this division shall be construed as authorizing the extradition of any person in this state to any other state where the extradition proceedings, directly or indirectly, seek to aid in the collection of any debt, demand or claim against the party sought to be extradited.

**§ 15-9-49. Recall of warrant or issuance of alias.**

Under this division, the Governor may recall his warrant of arrest or may issue another warrant whenever he deems proper.

**Division 3. . To Alabama.**

**§ 15-9-60. Warrant for fugitives from Alabama.**

Whenever the Governor of this state shall demand a person charged with crime in this state from the chief executive of any other state or of the District of Columbia, he shall issue a warrant under the seal of this state to some agent, commanding him to receive the person so charged if delivered to him and convey him to the proper officer of the county in this state in which the offense was committed.

**§ 15-9-61. Application by district attorney to Governor for requisition; filing and forwarding of papers and requisition.**

(a) When the return to this state of a person charged with crime in this state is required, the district attorney of the county in which the offense is committed shall present to the Governor his written application for a requisition for the return of the person charged, in which application shall be stated the name of the person charged, the crime charged against him, the approximate time, place and circumstances of its committal, the state in which he is believed to be, including the location of the accused therein at the time the application is made, and certification that, in the opinion of the said district attorney, the ends of justice require the arrest and return of the accused to this state for trial and that the proceeding is not instituted to enforce a private claim.

(b) The application shall be verified by affidavit, shall be executed in duplicate and shall be accompanied by two certified copies of the indictment returned, or information and affidavit filed, or of the complaint made to the court, stating the offense with which the accused is charged.

(c) The district attorney may also attach such further affidavits and other documents in duplicate as he shall deem proper to be submitted with such application.

(d) One copy of the application, with the action of the Governor indicated by endorsement thereon, and one of the certified copies of the indictment or complaint or information and affidavit shall be filed in the office of the Secretary of State to remain of record in that office. The other copies of all papers shall be forwarded with the Governor's requisition.

**§ 15-9-62. Payment of expenses of returning accused to Alabama; fees and expenses of officers.**

Ala.Code 1975 § 15-9-61

Code of Alabama Currentness
Title 15. Criminal Procedure. (Refs & Annos)
Chapter 9. Fugitives from Justice, Extradition and Detainers.
Article 2. . Extradition. (Refs & Annos)
Division 3. . To Alabama.

**§ 15-9-61. Application by district attorney to Governor for requisition; filing and forwarding of papers and requisition.**

(a) When the return to this state of a person charged with crime in this state is required, the district attorney of the county in which the offense is committed shall present to the Governor his written application for a requisition for the return of the person charged, in which application shall be stated the name of the person charged, the crime charged against him, the approximate time, place and circumstances of its committal, the state in which he is believed to be, including the location of the accused therein at the time the application is made, and certification that, in the opinion of the said district attorney, the ends of justice require the arrest and return of the accused to this state for trial and that the proceeding is not instituted to enforce a private claim.

(b) The application shall be verified by affidavit, shall be executed in duplicate and shall be accompanied by two certified copies of the indictment returned, or information and affidavit filed, or of the complaint made to the court, stating the offense with which the accused is charged.

(c) The district attorney may also attach such further affidavits and other documents in duplicate as he shall deem proper to be submitted with such application.

(d) One copy of the application, with the action of the Governor indicated by endorsement thereon, and one of the certified copies of the indictment or complaint or information and affidavit shall be filed in the office of the Secretary of State to remain of record in that office. The other copies of all papers shall be forwarded with the Governor's requisition.

CREDIT(S)

(Acts 1931, No. 482, p. 559; Code 1940, T. 15, § 71.)

LIBRARY REFERENCES

American Digest System:
Extradition and Detainers 32, 34.

Ala.Code 1975 § 15-9-60

Code of Alabama Currentness
Title 15. Criminal Procedure. (Refs & Annos)
Chapter 9. Fugitives from Justice, Extradition and Detainers.
Article 2. . Extradition. (Refs & Annos)
Division 3. . To Alabama.

**§ 15-9-60. Warrant for fugitives from Alabama.**

Whenever the Governor of this state shall demand a person charged with crime in this state from the chief executive of any other state or of the District of Columbia, he shall issue a warrant under the seal of this state to some agent, commanding him to receive the person so charged if delivered to him and convey him to the proper officer of the county in this state in which the offense was committed.

CREDIT(S)

(Acts 1931, No. 482, p. 559; Code 1940, T. 15, § 70.)

LIBRARY REFERENCES

American Digest System:
Extradition and Detainers ⚿23.

Corpus Juris Secundum:
C.J.S. Extradition and Detainers §§ 6 to 8.

NOTES OF DECISIONS

Generally 1
Objections to extradition 3
Speedy trial 2

1. Generally

State has constitutionally imposed duty to take affirmative action to secure fugitive's return for trial. Mere inquiries about release and availability are not compliance with this duty. Attempts at extradition or the issuance of a writ of habeas corpus ad prosequendum by the Alabama courts would be in the nature of such affirmative action. Prince v. State of Ala., 1975, 507 F.2d 693, rehearing denied 510 F.2d 1407, certiorari denied 96 S.Ct. 147, 423 U.S. 876, 46 L.Ed.2d 108, rehearing denied 96 S.Ct. 301, 423 U.S. 940, 46 L.Ed.2d 273. Criminal Law ⚿ 577.11(4)

(PAGE THREE)

GROUND NINE: PETITIONER CLAIMS THAT HIS CONSTITUTIONAL RIGHT TO A FAIR & SPEEDY TRIAL HAVE BEEN VIOLATED.

SUPPORTING FACTS: LEWIS HAS BEEN DETAINED FOR OVER 600 DAYS, AND BECAUSE HIS APPOINTED COUNSEL NEGLECTED HIS CASE FROM 1.15.14 UNTIL 7.29.14 HE WAS FORCED TO ACCEPT A CONTINUANCE IN ORDER TO ALLOW HIS COUNSEL TO FILE A WRIT OF HABEAS CORPUS WHICH SHE ULTIMATELY NEVER FILED CAUSING EVEN FURTHER DELAY.

GROUND TEN: PETITIONER CLAIMS HE HAS BEEN DENIED HIS CONSTITUTIONAL RIGHT TO HAVE EFFECTIVE AND KNOWLEDGABLE COUNSEL APPOINTED TO REPRESENT HIM THROUGH ALL PHASES OF HIS CRIMINAL PROSECUTION, TO THIS POINT.

SUPPORTING FACTS: EVIDENCE OF LEWIS' CLAIM CAN BE SEEN IN THE LETTER DATED OCT. 29. 2013 (SEE ATTACHED) FROM ALLEGHENY CO. PUBLIC DEFENDERS OFFICE WHICH SHOWS THAT LEWIS' LETTER WAS FORWARDED TO A RANDOM P.D. BECAUSE HE WAS NEVER APPOINTED COUNSEL IN PENNSYLVANIA. FURTHERMORE LEWIS WAS DENIED COUNSEL FROM 11.25.13 UNTIL 1.15.14 AFTER ARRIVING IN BALDWIN CO. AL., ONCE APPOINTED ATTORNEY J. CALI ARMSTRONG WAS BY HER OWN ADMISSION UNFAMILAR WITH EXTRADITION LAW AND THE HABEAS CORPUS PROCEEDURE. (SIC). MS. ARMSTRONG ALSO ALLOWED THE STATE TO PREMATURELY ARGUE THE HABEAS CORPUS ISSUE BEFORE SHE HAD FILED THE WRIT. (SEE TRANSCRIPT) LEWIS ALSO ARGUES THAT COUNSEL KNOWING THAT SHE WAS LEAVING CONTRACT SERVICE ON SEPT. 30, 2014 SHOULD NOT HAVE ATTEMPTED TO HANDLE SUCH A COMPLICATED CASE IN A TIME SPAN WHICH CONSISTED OF JULY 29, 2013 THRU SEPT. 30, 2013.

(GROUND NINE)
(GROUND TEN)

ACR0370 ALABAMA JUDICIAL INFORMATION SYSTEM CASE: CC 2013 002193.00
OPER: KAM CASE ACTION SUMMARY RUN DATE: 12/01/2014
PAGE: 1 CIRCUIT CRIMINAL JUDGE: JWB

IN THE CIRCUIT COURT OF BALDWIN

STATE OF ALABAMA VS LEWIS JAMES
BALDWIN COUNTY CORRECTION
200 HAND AVE
CASE: CC 2013 002193.00 BAY MINETTE, AL 36507 0000

DOB: 08/09/1963 SEX: M RACE: W HT: 5 11 WT: 160 HR: BRO EYES: BLU
SSN: 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 ALIAS NAMES:

CHARGE01: FIREARM-ALTER IDENT CODE01: AFAI LIT: FIREARM-ALTER TYP: F #: 001
CHARGE02: FIREARM-PERSONS FORB CODE02: FCPF TYP: F #: 001
OFFENSE DATE: AGENCY/OFFICER: 0050000 JED DAV

DATE WAR/CAP ISS: DATE ARRESTED: 11/25/2013
DATE INDICTED: 09/20/2013 DATE FILED: 11/27/2013
DATE RELEASED: DATE HEARING:
BOND AMOUNT: $7,500.00 SURETIES:

DATE 1: DESC: TIME: 0000
DATE 2: 01/15/2014 DESC: ARRG TIME: 0900 A

TRACKING NOS: GJ 2013 090186 00 / /

DF/ATY: RICHERSON BRANTLEY TREST TYPE: C COLLIER HEATHER DAWN TYPE: A
PO BOX 1138 PO BOX 7866
FAIRHOPE AL 36533 SPANISH FORT AL 36577

PROSECUTOR: DIXON HALLIE SCOTT

OTH CSE: GJ201309018600 CHK/TICKET NO: 13-11984 GRAND JURY: 13-09-186
COURT REPORTER: ______________ SID NO: 000000000 OPER: ORC
DEF STATUS: JAIL DEMAND:

| TRANS DATE | ACTIONS, JUDGEMENTS, AND NOTES | | OPE |
|---|---|---|---|
| 11/27/2013 | ASSIGNED TO: (JWB) | (AR01) | EVH |
| 11/27/2013 | BOND SET AT: $7500.00 | (AR01) | EVH |
| 11/27/2013 | FILED ON: 11/27/2013 | (AR01) | EVH |
| 11/27/2013 | INITIAL STATUS SET TO: "J" - JAIL | (AR01) | EVH |
| 11/27/2013 | CHARGE 02: FIREARM-PERSONS FORB/#CNTS: 001 | (AR01) | EVH |
| 11/27/2013 | CHARGE 01: FIREARM-ALTER IDENT /#CNTS: 001 | (AR01) | EVH |
| 11/27/2013 | DEFENDANT INDICTED ON: 09/20/2013 | (AR01) | EVH |
| 11/27/2013 | DEFENDANT ARRESTED ON: 11/25/2013 | (AR01) | EVH |
| 11/27/2013 | CASE SCANNED STATUS SET TO: Y | (AR10) | EVH |
| 11/27/2013 | SET FOR: ARRAIGNMENT ON 01/15/2014 AT 0900A | (AR10) | EVH |
| 11/27/2013 | CASE ACTION SUMMARY PRINTED | (AR01) | EVH |
| 11/27/2013 | SCAN - FILED 11/25/2013 - WARRANT SERVED | | AJA |
| 11/27/2013 | SCAN - FILED 11/27/2013 - INDICTMENT | | AJA |
| ✓ 12/10/2013 | C001-OTHER - NOTICE OF DISCOVERY FILED. | | AJA |
| 12/10/2013 | MOTION - TRANSMITTAL | | AJA |
| 12/10/2013 | C001-OTHER /DOCKETED | | AJA |
| 12/10/2013 | PROSECUTOR 2 ASSIGNED: PAUL CHANDRA DAWN | (AR26) | AJA |

JUDGE: JWB

N THE CIRCUIT COURT OF BALDWIN

TATE OF ALABAMA VS LEWIS JAMES
BALDWIN COUNTY CORRECTION
200 HAND AVE
BAY MINETTE, AL 36507 0000

ASE: CC 2013 002193.00

OB: 08/09/1963 SEX: M RACE: W HT: 5 11 WT: 160 HR: BRO EYES: BLU
SN: 182583850 ALIAS NAMES:

| Date | Action | Op |
|---|---|---|
| ✓ 12/11/2013 | C001-OTHER /NO ACTION | AJA |
| ✓ 12/23/2013 | D001-DISCOVERY FILED ON 12/10/2013 1:49 PM. | AJA |
| ✓ 12/23/2013 | D001-OTHER - MOTION TO PROCEED PRO SE FILED ON 12/ | AJA |
| ✓ 12/27/2013 | NOTICE SENT: 12/27/2013 LEWIS JAMES | LOP |
| ✓ 12/29/2013 | D001-OTHER /NO ACTION | AJA |
| 01/15/2014 | ORDER E-FILED - ORDER - HARDSHIP GRANTED - RENDERE | AJA |
| 01/15/2014 | ORDER - TRANSMITTAL | AJA |
| ✓ 01/15/2014 | ATTORNEY FOR DEFENDANT: ARMSTRONG JEFFRY CALI | ANF |
| 01/16/2014 | D001-OTHER - WAIVER OF ARRAIGNMENT FILED ON 1/16/2 | AJA |
| 01/16/2014 | SCAN - FILED 1/15/2014 - AFFIDAVIT OF HARDSHIP | AJA |
| 01/17/2014 | D001-OTHER - 404B MOTION FILED. | AJA |
| 01/17/2014 | MOTION - TRANSMITTAL | AJA |
| 01/17/2014 | D001-OTHER /DOCKETED | AJA |
| 01/23/2014 | ORDER GENERATED FOR OTHER - 404B MOTION - RENDERED | AJA |
| 01/23/2014 | ORDER - TRANSMITTAL | AJA |
| 01/23/2014 | ORDER GENERATED FOR OTHER - WAIVER OF ARRAIGNMENT | AJA |
| 01/23/2014 | ORDER - TRANSMITTAL | AJA |
| 01/23/2014 | ORDER GENERATED FOR DISCOVERY - RENDERED & ENTERED | AJA |
| 01/23/2014 | ORDER - TRANSMITTAL | AJA |
| 01/23/2014 | SET FOR: JURY TRIAL ON 08/11/2014 AT 0900A (AR10) | ANF |
| 01/23/2014 | SET FOR: DOCKET CALL ON 07/28/2014 AT 0900A (AR10) | ANF |
| 02/07/2014 | SCAN - FILED 11/26/2013 - BOND ORDER | AJA |
| 07/29/2014 | D001-OTHER - NOTICE OF INTENT TO MAKE APPLICATION | AJA |
| 07/29/2014 | D001-OTHER /DOCKETED | AJA |
| 07/29/2014 | MOTION - TRANSMITTAL | AJA |
| 07/30/2014 | C001-OTHER - MOTION FOR STATE TO RECEIVE DISCOVERY | AJA |
| 07/30/2014 | MOTION - TRANSMITTAL | AJA |
| 07/31/2014 | C001-OTHER /DOCKETED | AJA |
| 07/31/2014 | ADDED: BONNIE RAE MOSS (AW21) | ORC |
| 07/31/2014 | WITNESS SUBPOENA ISSUED TO W001 BONNIE RAE MOSS | ORC |
| 07/31/2014 | ADDED: DALE MOSS (AW21) | ORC |
| 07/31/2014 | WITNESS SUBPOENA ISSUED TO W002 DALE MOSS (AW21) | ORC |

JUDGE: JWB

IN THE CIRCUIT COURT OF BALDWIN

STATE OF ALABAMA VS LEWIS JAMES
BALDWIN COUNTY CORRECTION
200 HAND AVE
BAY MINETTE, AL 36507 0000

CASE: CC 2013 002193.00

DOB: 08/09/1963 SEX: M RACE: W HT: 5 11 WT: 160 HR: BRO EYES: BLU
SSN: 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 ALIAS NAMES:

| Date | Action | Op |
|---|---|---|
| 07/31/2014 | ADDED: BOB ALEXSON (AW21) | ORC |
| 07/31/2014 | WITNESS SUBPOENA ISSUED TO W003 BOB ALEXSON (AW21) | ORC |
| 07/31/2014 | ORDER GENERATED FOR OTHER - MOTION FOR STATE TO RE | AJA |
| 07/31/2014 | ORDER - TRANSMITTAL | AJA |
| 07/31/2014 | ORDER E-FILED - ORDER - RESET JURY TRIAL - RENDERE | AJA |
| 07/31/2014 | ORDER - TRANSMITTAL | AJA |
| 07/31/2014 | SET FOR: JURY TRIAL ON 10/06/2014 AT 0900A (AR10) | LOP |
| 07/31/2014 | SET FOR: DOCKET CALL ON 09/22/2014 AT 0900A (AR10) | LOP |
| 07/31/2014 | SCAN - FILED 7/30/2014 - SUBPOENA REQUEST | AJA |
| 08/05/2014 | D001-OTHER /SET FOR 09/25/2014 09:00 AM, LOCATION | AJA |
| 08/05/2014 | SET FOR HEARING - TRANSMITTAL | AJA |
| 08/06/2014 | SET FOR: HEARING ON 09/25/2014 AT 0900A (AR10) | RHS |
| 08/06/2014 | ORDER GENERATED FOR OTHER - NOTICE OF INTENT TO MA | AJA |
| 08/06/2014 | ORDER - TRANSMITTAL | AJA |
| 08/06/2014 | SERVICE OF OTHER ON 08042014 FOR W002 (A | ORC |
| 08/06/2014 | SERVICE OF OTHER ON 08042014 FOR W003 (A | ORC |
| 08/06/2014 | SERVICE OF OTHER ON 08042014 FOR W001 (A | ORC |
| 08/06/2014 | SCAN - FILED 8/4/2014 - SUBPOENA SERVED | AJA |
| 09/18/2014 | ADDED: BONNIE RAE MOSS (AW21) | ORC |
| 09/18/2014 | WITNESS SUBPOENA ISSUED TO W004 BONNIE RAE MOSS | ORC |
| 09/18/2014 | ADDED: BOB ALEXSON (AW21) | ORC |
| 09/18/2014 | WITNESS SUBPOENA ISSUED TO W005 BOB ALEXSON (AW21) | ORC |
| 09/18/2014 | SCAN - FILED 9/18/2014 - SUBPOENA ISSUED | AJA |
| 09/22/2014 | ORDER GENERATED FOR OTHER - NOTICE OF INTENT TO MA | AJA |
| 09/22/2014 | ORDER - TRANSMITTAL | AJA |
| 09/22/2014 | ORDER E-FILED - ORDER - RESET JURY TRIAL/DOCKET CA | AJA |
| 09/22/2014 | ORDER - TRANSMITTAL | AJA |
| 09/22/2014 | SET FOR: JURY TRIAL ON 12/08/2014 AT 0900A (AR10) | ORC |
| 09/22/2014 | SET FOR: DOCKET CALL ON 11/17/2014 AT 0900A (AR10) | ORC |
| 09/24/2014 | SERVICE OF OTHER ON 09222014 FOR W005 (A | RHS |
| 09/24/2014 | SERVICE OF OTHER ON 09222014 FOR W004 (A | RHS |
| 09/24/2014 | SCAN - FILED 9/22/2014 - SUBPOENA SERVED | AJA |

JUDGE: JWB

IN THE CIRCUIT COURT OF BALDWIN

STATE OF ALABAMA VS LEWIS JAMES
BALDWIN COUNTY CORRECTION
200 HAND AVE
BAY MINETTE, AL 36507 0000

CASE: CC 2013 002193.00

DOB: 08/09/1963 SEX: M RACE: W HT: 5 11 WT: 160 HR: BRO EYES: BLU
SSN: 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 ALIAS NAMES:

| Date | Action | |
|---|---|---|
| 09/30/2014 | ATTORNEY FOR DEFENDANT: RICHERSON BRANTLEY TRES | LOP |
| 09/30/2014 | ORDER E-FILED - ORDER - APPOINT ATTORNEY - RENDERE | AJA |
| 09/30/2014 | ORDER - TRANSMITTAL | AJA |
| 10/14/2014 | ORDER E-FILED - ORDER - ORDER E-FILED - RENDERED & | AJA |
| 10/14/2014 | ORDER - TRANSMITTAL | AJA |
| 10/22/2014 | MOTION - TRANSMITTAL | AJA |
| 10/22/2014 | D001-OTHER - NOTICE OF APPEAL FILED. | AJA |
| 10/23/2014 | D001-OTHER /DOCKETED | AJA |
| 10/24/2014 | D001-OTHER /NO ACTION | AJA |
| 11/04/2014 | ISSUED: - ; BOB ALEXSON | ORC |
| 11/04/2014 | WITNESS SUBPOENA ISSUED TO W005 BOB ALEXSON (AW21) | ORC |
| 11/04/2014 | ISSUED: - ; BONNIE RAE MOSS | ORC |
| 11/04/2014 | WITNESS SUBPOENA ISSUED TO W004 BONNIE RAE MOSS | ORC |
| 11/04/2014 | SCAN - FILED 11/4/2014 - SUBPOENA REQUEST | AJA |
| 11/04/2014 | SCAN - FILED 11/4/2014 - NOTICE OF APPEAL | AJA |
| 11/07/2014 | NOTICE OF APPEARANCE E-FILED | AJA |
| 11/07/2014 | MISCELLANEOUS - TRANSMITTAL | AJA |
| 11/07/2014 | PROSECUTOR 3 ASSIGNED: CANIDA NICOLAS TREY (AR26) | AJA |
| 11/07/2014 | NOTICE OF APPEARANCE E-FILED | AJA |
| 11/07/2014 | MISCELLANEOUS - TRANSMITTAL | AJA |
| 11/07/2014 | C001-WITHDRAW FILED. | AJA |
| 11/07/2014 | MOTION - TRANSMITTAL | AJA |
| 11/07/2014 | C001-WITHDRAW /DOCKETED | AJA |
| 11/07/2014 | ORDER GENERATED FOR WITHDRAW - RENDERED & ENTERED: | AJA |
| 11/07/2014 | ORDER - TRANSMITTAL | AJA |
| 11/14/2014 | SERVICE OF OTHER ON 11062014 FOR W005 (A | RHS |
| 11/14/2014 | SERVICE OF OTHER ON 11062014 FOR W004 (A | RHS |
| 11/14/2014 | SCAN - FILED 11/14/2014 - SUBPOENA ISSUED | AJA |
| 11/14/2014 | SCAN - FILED 11/14/2014 - SUBPOENA ISSUED | AJA |
| 11/17/2014 | ADDED: BONNIE RAE MOSS (AW21) | RHS |
| 11/17/2014 | SCAN - FILED 11/17/2014 - SUBPOENA REQUEST | AJA |
| 11/17/2014 | SCAN - FILED 11/17/2014 - SUBPOENA REQUEST | AJA |

CRO370 ALABAMA JUDICIAL INFORMATION SYSTEM CASE: CC 2013 002193.00
PER: KAM CASE ACTION SUMMARY
AGE: 5 CIRCUIT CRIMINAL RUN DATE: 12/01/2014

N THE CIRCUIT COURT OF BALDWIN JUDGE: JWB

TATE OF ALABAMA VS LEWIS JAMES
BALDWIN COUNTY CORRECTION
200 HAND AVE
ASE: CC 2013 002193.00 BAY MINETTE, AL 36507 0000

OB: 08/09/1963 SEX: M RACE: W HT: 5 11 WT: 160 HR: BRO EYES: BLU
SN: 182583850 ALIAS NAMES:

| Date | Action | |
|---|---|---|
| 11/17/2014 | ATTORNEY FOR DEFENDANT: COLLIER HEATHER DAWN(AR10) | KAM |
| 11/17/2014 | HEATHER COLLIER HAS BEEN APPT'D BY CA TO REPRESENT | KAM |
| 11/17/2014 | ON APPEAL (AR10) | KAM |
| 11/17/2014 | EMAILED ORDER TO LOP- ATTY'S APPT TO REPRESENT | KAM |
| 11/17/2014 | DEFT ON HABEAS CORPUS | KAM |
| 11/17/2014 | SCAN - FILED 11/17/2014 - ORDER | AJA |
| 11/17/2014 | ORDER E-FILED - ORDER - RESET TRIAL/DOCKET CALL - | AJA |
| 11/17/2014 | ORDER - TRANSMITTAL | AJA |
| 11/17/2014 | SET FOR: JURY TRIAL ON 01/26/2015 AT 0900A (AR10) | ORC |
| 11/17/2014 | SET FOR: DOCKET CALL ON 01/05/2015 AT 0900A (AR10) | ORC |
| 12/01/2014 | SCAN - FILED 11/26/2014 - ORDER | AJA |
| 12/01/2014 | CASE ACTION SUMMARY PRINTED (AR08) | KAM |

GROUND ELEVEN: STATE OF ALABAMA HAD A CLEAR CONSTITUTIONALLY IMPOSED DUTY TO TAKE AFFIRMATIVE ACTION TO SECURE PETITIONERS SPEEDY RETURN TO STATE FOR TRIAL.

SUPPORTING FACTS: LEWIS ARGUES THAT THE STATE OF ALABAMA WAS GIVEN A TOTAL OF 90 DAYS IN WHICH TO SECURE A GOVENOR'S WARRANT TO EXTRADITE. EVIDENCE SHOWS ALABAMA DID NOT REQUISITION THE WARRANT FROM PENNSYLVANIA UNTIL NOV. 4, 2013 SOME 83 DAYS AFTER LEWIS' ARREST, AND 53 DAYS AFTER AN EXTENSION OF 60 DAYS WAS GRANTED TO ALLOW THE WARRANT TO BE OBTAINED. WHEN THE DEADLINE OF NOV. 12, 2013 ARRIVED AND THE WARRANT EXPIRED, LEWIS SHOULD HAVE BEEN RELEASED. LEWIS ARGUES HE MADE NUMEROUS ATTEMPTS TO NOTIFY NOT ONLY THE JAIL BUT ALSO THE COURTS, AND HIS DETENTION AND SUBSEQUENT EXTRADITION AFTER NOV. 12. 2013 WAS ILLEGAL.

GROUND TWELVE: PETITIONER'S RIGHT TO COUNSEL DURING HIS APPEAL OF HABEAS CORPUS RULING WAS DENIED BY STATE.

SUPPORTING FACTS: LEWIS STATES THAT HE WAS APPOINTED COUNSEL ON 11·17·14, TO REPRESENT HIM IN HIS APPEAL ON THE HABEAS CORPUS DECISION. THAT COUNSEL WAS THEN REMOVED ON 11·26·14 (SEE ATTACHED) AND BECAUSE HE IS A LAY PERSON ESPECIALLY IN THE APPEALS PROCESS, AND HAS NO ACCESS TO WEST LAW OR OTHER REFRENCE MATERIAL IN WHICH TO HELP HIM ARGUE HIS CASE, HE WAS DENIED HIS RIGHT TO DUE PROCESS WHICH HAS FURTHER DELAYED HIS DETENTION.

(GROUND NINE)

2. Speedy trial

Where the primary reason for delay in bringing a fugitive to trial in Alabama is the failure by Alabama authorities to initiate meaningful efforts to secure this result, such authorities being under a constitutional duty to undertake them, failure to do so, in the face of a fugitive's assertion of his speedy trial right and with the consequent delay in trial, constitutes a deprivation of the fugitive's right to speedy trial. Prince v. State of Ala., 1975, 507 F.2d 693, rehearing denied 510 F.2d 1407, certiorari denied 96 S.Ct. 147, 423 U.S. 876, 46 L.Ed.2d 108, rehearing denied 96 S.Ct. 301, 423 U.S. 940, 46 L.Ed.2d 273.

3. Objections to extradition

Issue of whether juvenile defendant's transfer from Tennessee to Alabama complied with statutory extradition requirements was moot, since juvenile defendant failed to challenge his transfer from Tennessee until he was in Alabama. R.L.A.C. v. State, 823 So.2d 1288 (Ala.Crim.App.2001). Extradition And Detainers 39

Ala. Code 1975 § 15-9-60, AL ST § 15-9-60

Current through Act 2014-457 of the 2014 Regular Session.

(C) 2014 Thomson Reuters. No Claim to Orig. US Gov. Works.

END OF DOCUMENT

(c) 2014 Thomson Reuters. No Claim to Orig. US Gov. Works.

GROUND ELEVEN



COMMONWEALTH OF PENNSYLVANIA
COUNTY OF: ALLEGHENY

Magisterial District Number:

WHEN WANTED
WHERE WANTED

# POLICE FUGITIVE COMPLAINT

COMMONWEALTH OF PENNSYLVANIA
VS.

DEFENDANT: (NAME and ADDRESS): DEFENDANT

JAMES (First Name) | (Middle Name) | LEWIS (Last Name) | (Gen.)

757 GALLION AVE PITTSBURGH, PA 15226

NCIC Extradition Code Type

Distance: _______

DEFENDANT IDENTIFICATION INFORMATION

| RACE | ETHNICITY | Docket Number | Date Filed | OTN/LiveScan Number | Complaint/Incident Number |
|---|---|---|---|---|---|
| WHITE | | 3225-13 | 8-14-13 | T362862-3 | 4655-2013 |

| SID | GENDER | DOB | POB |
|---|---|---|---|
| | MALE | 08/09/1963 | |
| | | Add'l DOB | SSN 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 / Add'l SSN |

Request Lab Services?

AKA — First Name | Middle Name | Last Name | Gen

HAIR COLOR BRO (BROWN)
EYE COLOR BRO (BROWN)

| Driver License | State | License Number | Expires | WEIGHT (lbs.) |
|---|---|---|---|---|
| DNA | | DNA Location | | 160 |
| FBI Number | | MNU Number | | Ft. HEIGHT In. |
| Fingerprint Classification: | | | | 6 / 11 |

DEFENDANT VEHICLE INFORMATION

| Plate # | State | Hazmat | Registration Sticker (MM/YY) | Comm'l Veh. Ind. | School Veh. | Oth. NCIC Veh. Code |
|---|---|---|---|---|---|---|
| | | | | | | |

| VIN | Year | Make | Model | Style | Color |
|---|---|---|---|---|---|
| | | | | | |

I, RICHARD DWYER
(Name of the Affiant)

20222
(PSP/MPOETC-Assigned Affiant ID Number & Badge #

of ALLEGHENY COUNTY SHERIFFS
(Identify Department or Agency Represented and Political Subdivision)

PA0020000
(Police Agency ORI Number)

Enter specific facts from other state that relate to charges and warrant information:

42 Pa. C.S.A.§9136, Commitment to Await Requisition

AUGUST 14 2013 THE US MARSHALS FUGITIVE TASK FORCE APPREHENDED JAMES LEWIS AT 757 GALLION ST PITTSBURGH PA 15226. LEWIS WAS A WANTED FUGITIVE FROM THE STATE OF ALABAMA, BALDWIN COUNTY FOR THE CHARGE OF POSSESSION OF A FIREARM WITH ALTERED SERIAL NUMBERS. A COPY OF THE HIT CONFIRMATION STATING THAT ALABAMA WILL EXTRADITE IS ATTECHED TO THIS COMPLAINT. LEWIS IS LODGED INTO THE ACJ ON THIS WARRANT

RECEIVED
2013 AUG 14 PM 2: 17
PITTSBURGH MUNICIPAL

I, RICHARD DWYER, BEING DULY SWORN ACCORDING TO THE LAW, DEPOSE AND SAY THAT THE FACTS SET FORTH IN THE FOREGOING COMPLAINT ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.

(Signature of Affiant)

Sworn to me and subscribed before me this ______ day of ______

8/14/13 Date ______, Magisterial District Judge

My commission expires first Monday of January,

DERWIN RUSHING, MAGISTERIAL DISTRICT JUDGE
MAGISTERIAL DISTRICT 05-2-40
MY COMMISSION EXPIRES ON THE FIRST MONDAY IN JANUARY, 2016

COMMONWEALTH OF PENNSYLVANIA
COUNTY OF ALLEGHENY



# Preliminary Arraignment Notice

| | |
|---|---|
| Mag. Dist. No: | MDJ-05-0-04 |
| MDJ Name: | Honorable Pres. Judge Donna Jo McDaniel |
| Address: | Pittsburgh Municipal Court<br>660 First Avenue<br>Pittsburgh, PA 15219 |
| Telephone: | 412-350-6715 |

Commonwealth of Pennsylvania
v.
James D Lewis Jr.

James D Lewis Jr.
757 Gallion Avenue
Pittsburgh, PA 15226

Docket No: MJ-05004-MD-0003225-2013
Case Filed: 8/14/2013
Comp/Cit #: 4655
OTN: T 362862-3

| Charge(s) | |
|---|---|
| 42 § 9136 (Lead) | Commit To Await Extradition Req |

A Preliminary Arraignment has been scheduled for the above captioned case to be held on/at:

| | |
|---|---|
| Date: **Wednesday, August 14, 2013** | Place: Magisterial District Court 05-0-04, Pittsburgh<br>Pittsburgh Municipal Court<br>660 First Avenue<br>Pittsburgh, PA 15219<br>412-350-6715 |
| Time: **6:00 PM** | |

At the preliminary arraignment, you will be given a copy of the criminal complaint that has been filed against you. In addition, you will be advised of your right to counsel, your right to a preliminary hearing, and the amount and types of bail available if your offense is a bailable offense.

At the preliminary arraignment, a date and time will be fixed for your preliminary hearing and you will be given a reasonable opportunity to post bail. If bail is not posted, you may be committed according to law.

If you have any questions, please call the above office immediately.

August 14, 2013
Date

Dennis R. Joyce
Magisterial District Judge Dennis Robert Joyce

SEAL

**If you are disabled and require a reasonable accommodation to gain access to the Magisterial District Court and its services, please contact the Magisterial District Court at the above address or telephone number. We are unable to provide transportation. You can make case payments online through Pennsylvania's Unified Judicial System web portal. Visit the portal at http://ujsportal.pacourts.us to make a payment.**




stern Region Office
D. Box 40008
ladelphia, PA 19106
5-592-1513 T
5-592-1343 F

ntral Region Office
D. Box 11761
risburg, PA 17108
7-238-2258 T
7-236-6895 F

stern Region Office
3 Atwood St.
sburgh, PA 15213
2-681-7736 T
2-681-8707 F

39

James Lewis Jr.
579-3D
Allegheny County Jail
950 2nd Ave.
Pittsburgh, PA 15219-3100

11/13/2013

Dear Mr. Lewis:

Thank you for contacting the American Civil Liberties Union with your complaint about your Public Defender. We would like to get some more information from you in order to better assess your case.

Accordingly, please write back with more details of the problem. Particularly, we need to know whether you have been given a new Public Defender since writing to us, and whether you have any upcoming court dates. In addition, we have enclosed an intake form. If you would complete this form and return it to us, it will provide us with a lot of additional helpful information.

We look forward to receiving the requested information.

Sincerely,

Intake Coordinator
Western Region Office

[RWN]




ıstern Region Office
O. Box 40008
ıiladelphia, PA 19106
5-592-1513 T
5-592-1343 F

ɘntral Region Office
O. Box 11761
ɜrrisburg, PA 17108
7-238-2258 T
7-236-6895 F

estern Region Office
3 Atwood St.
ttsburgh, PA 15213
2-681-7736 T
2-681-8707 F

39

James Lewis Jr.
BCS012MN100642701
Baldwin County Correctional Facility
200 Hand Avenue
Bay Minette, Alabama 36507

4/10/2014

Dear Mr. Lewis :

Thank you for contacting the ACLU with your complaint about issues with the Allegheny County Jail and extradition. I apologize for the unavoidable delay in attending to your inquiry. I have reviewed your complaint and I am sorry to hear of the difficulties you are having.

Unfortunately, the ACLU is not in a position to help you in this matter. We receive literally hundreds of complaints about the criminal justice system involving allegations of constitutional violations. Given our limited resources we cannot, and as a general rule do not, represent individuals in such matters. I am sorry we cannot do more for you. Please note that this response is not meant to reflect any judgment on the merits of your case.

You requested the contact information for the ACLU of Alabama. As per ACLU Alabama Policy, it may take six to eight weeks to review your request. You may contact them at:

**Legal Committee**
**ACLU of Alabama**
**207 Montgomery Street, Suite 910**
**Montgomery, AL 36104**

Best of luck!

Sincerely,

Intake Coordinator
Western Region Office

[QK]





COUNTY OF ALLEGHENY

RICH FITZGERALD
COUNTY EXECUTIVE

October 29, 2013

Mr. James D. Lewis
DOC# 579
Allegheny County Jail
950 Second Avenue
Pittsburgh, PA 15219

Dear Mr. Lewis:

Your recent letter has been forwarded to me for reply.

The record shows that the Commonwealth's request for Extension of Time was granted on September 12, 2013. This will expire November 12, 2013. The governor's warrant must be produced by that date.

Very truly yours,

Lawrence W. Kustra
Assistant Public Defender

LWK/cp

# DA. NOTIFIED. 11-12-13.

ELLIOT C. HOWSIE, CHIEF PUBLIC DEFENDER
OFFICE OF THE PUBLIC DEFENDER
400 COUNTY OFFICE BUILDING • 542 FORBES AVENUE • PITTSBURGH, PA 15219
PHONE (412) 350-2401 • FAX (412) 350-2390 • WWW.ALLEGHENYCOUNTY.US

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

CRIMINAL DIVISION

IN RE:

MD-04361-2013

THE EXTRADITION OF: JAMES LEWIS

MISC#

OTN# T 3628623

TO THE STATE OF: ALABAMA

**ORDER OF COURT TO EXTEND TIME**

AND NOW this 12TH day of SEPTEMBER, 2013, on motion of the District Attorney of Allegheny County, a sixty (60) day extension is hereby GRANTED pursuant to the Uniform Criminal Extradition Act, 42 Pa. C.S.A. 9138, to await the arrival of Governors Papers no later than NOVEMBER 12, 2013.

TIME CALCULATED IS 61 DAYS.

BY THE COURT

_____________ J.

FROM THE RECORDS
ATTEST
Kate Barkman
DEPARTMENT OF COURT RECORDS

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA
CRIMINAL DIVISION

THE EXTRADITION OF:

JAMES LEWIS — MD# 04361-2013

TO THE STATE OF:

ALABAMA — OTN# T 3628623

**PETITION FOR EXTENSION OF TIME UNDER THE UNIFORM CRIMINAL EXTRADITION ACT**

AND NOW, this 12TH of SEPTEMBER, 2013, comes Stephen A. Zappala Jr., District Attorney of Allegheny County, by STEVEN STADTMILLER and petition for the sixty (60) day extension under the Uniform Criminal Extradition Act, 42 Pa. C.S.A. 9138, to await the arrival of Governor's Papers for the following reasons:

1. The above-alleged fugitive **JAMES LEWIS** was lodged in the Allegheny County Jail on the 14th day of August, 2013, a detainer on behalf of **BALDWIN COUNTY, ALABAMA** was lodged against the subject charging him/her with **POSSESSION OF FIREARM WITH ALTERED SERIAL NUMBER, ET AL**
2. On the 23rd day of AUGUST, 2013, the District Attorney's office confirmed that extradition proceedings have been initiated.
3. The Governor's Papers have not yet arrived.

WHEREFORE, Petitioner respectfully prays that this Court grant the sixty (60) day extension pursuant to the Uniform Criminal Extradition Act, 42 Pa. C.S.A. 9138, to await the arrival of the Governor's Papers no later than the 12th day of NOVEMBER, 2013.

Respectfully submitted,

STEPHEN A. ZAPPALA JR.
DISTRICT ATTORNEY

BY: [signature]
DEPUTY DISTRICT ATTY.

61 DAYS
TIME ELAPSED

OFFICE OF THE GOVERNOR

ROBERT BENTLEY
GOVERNOR




STATE CAPITOL
MONTGOMERY, ALABAMA 36130

(334) 242-7100
FAX: (334) 242-3282

**STATE OF ALABAMA**

November 4, 2013

Ms. Dorothy Martin
Extradition Coordinator
Office of General Counsel
333 Market Street, 17th Floor
Harrisburg, PA 17101

RE: Extradition of **James D. Lewis**

Dear Dorothy:

At the request of Governor Robert Bentley, I am enclosing an extradition requisition for the return of the above named fugitive to the State of Alabama. If this requisition is honored by your Governor, please forward the necessary papers and the agent's appointment to the following:

**Warden Orlando Harper**
**950 Second Avenue**
**Pittsburg, PA 15219**
**Phone: (412) 350-2000**

When the fugitive is available for return to Alabama, please notify:

**Sheriff Huey Hoss Mack**
**Baldwin County Sheriff's Office**
**310 Hand Avenue**
**Bay Minette, AL 36507**
**Phone: (251) 937-0210**
**Fax: (251) 580-1687**

Thank you for your cooperation in this matter.

Sincerely,

Stacey Smith

Stacey Smith
Extradition Coordinator
(334)242-7188

CC: Hallie S. Dixon
Sheriff Huey Hoss Mack

(GROUND ELEVEN)

FORM ACJ-135A

**INMATE'S REQUEST TO STAFF MEMBER**

*Replaces JBC 135 which may be used.*

ALLEGHENY COUNTY PRISON

950 SECOND AVENUE
PITTSBURGH, PA 15219

*Complete Items Number 1-6.*
*If you follow instructions in preparing your request, it can be disposed of more promply and intelligently.*

1. TO: (NAME AND TITLE OF OFFICER) JAMES LEWIS
2. DATE 11/18/13
3. BY: (INSTITUTIONAL NAME AND NUMBER) 579
4. WORK ASSIGNMENT
5. QUARTERS ASSIGNMENT 3D
6. SUBJECT: STATE COMPLETELY BUT BRIEFLY THE PROBLEM ON WHICH YOU DESIRE ASSISTANCE. GIVE DETAILS

7. DISPOSITION: (DO NOT WRITE IN THIS SPACE)

THE D.A. WILL INFORM THE JUDGE THAT YOUR GOVERNORS WARRANT WAS OVERDUE. THIS IS IN THEIR HANDS.

☐ TO ACJ-14 CAR ONLY ☐ TO ACJ-14 CAR AND ACJ-15 IRS

STAFF MEMBER CAITLIN LEE

DATE 11/18/13

(GROUND ELEVEN)

FORM ACJ-135A

**INMATE'S REQUEST TO STAFF MEMBER**

126

*Replaces JBC 135 which may be used.*

ALLEGHENY COUNTY PRISON

950 SECOND AVENUE
PITTSBURGH, PA 15219

*Complete Items Number 1-6.*
*If you follow instructions in preparing your request, it can be disposed of more promptly and intelligently.*

1. TO: (NAME AND TITLE OF OFFICER) JAMES LEWIS

2. DATE 11/21/13

3. BY: (INSTITUTIONAL NAME AND NUMBER) 579

4. WORK ASSIGNMENT

5. QUARTERS ASSIGNMENT 3D

6. SUBJECT: STATE COMPLETELY BUT BRIEFLY THE PROBLEM ON WHICH YOU DESIRE ASSISTANCE. GIVE DETAILS

7. DISPOSITION: (DO NOT WRITE IN THIS SPACE)

MY SUPERVISOR IS LOOKING INTO YOUR SITUATION. I'LL LET YOU KNOW WHEN I HAVE INFORMATION FOR YOU.

☐ TO ACJ-14 CAR ONLY

☐ TO ACJ-14 CAR AND ACJ-15 IRS

STAFF MEMBER CAITLIN LEE

DATE 11/21/13

# COURT OF CRIMINAL APPEALS
# STATE OF ALABAMA

MARY BECKER WINDOM
Presiding Judge
SAMUEL HENRY WELCH
J. ELIZABETH KELLUM
LILES C. BURKE
J. MICHAEL JOINER
Judges



D. Scott Mitchell
Clerk
Gerri Robinson
Assistant Clerk
(334) 229-0751
Fax (334) 229-0521

November 17, 2014

**CR-14-0185**

James Lewis v. State of Alabama (Appeal from Baldwin Circuit Court: CC13-2193)

## ORDER

It is hereby ORDERED that the Honorable Heather Collier, Post Office Box 7866, Spanish Fort, Alabama 36527, is appointed to represent the Appellant on appeal.

**Done this the 17th day of November, 2014.**

Mary B. Windom

**Mary B. Windom, Presiding Judge**
**Court of Criminal Appeals**

cc: Hon. Jody Bishop, Circuit Judge
Hon. Jody Campbell, Circuit Clerk
Deanna F. Jones, Court Reporter
Heather Dawn Collier, Attorney
James Lewis, Pro Se
Office of Attorney General

# COURT OF CRIMINAL APPEALS
# STATE OF ALABAMA

MARY BECKER WINDOM
Presiding Judge
SAMUEL HENRY WELCH
J. ELIZABETH KELLUM
LILES C. BURKE
J. MICHAEL JOINER
Judges



D. Scott Mitchell
Clerk
Gerri Robinson
Assistant Clerk
(334) 229-0751
Fax (334) 229-0521

November 26, 2014

**CR-14-0185**

James Lewis v. State of Alabama (Appeal from Baldwin Circuit Court: CC13-2193)

## ORDER

It is ORDERED that the motion to withdraw as counsel for the appellant filed by Heather Collier is granted.

**Done this the 26th day of November, 2014.**

Mary B. Windom

**Mary B. Windom, Presiding Judge**
**Court of Criminal Appeals**

cc: Hon. Jody Campbell, Circuit Clerk
Deanna F. Jones, Court Reporter
Heather Dawn Collier, Attorney
James Lewis, Pro Se
Office of Attorney General

(PAGE FIVE)

GROUND THIRTEEN: PETITIONER'S RIGHTS OF DUE PROCESS WERE VIOLATED WHEN STATE OF ALABAMA CHARGED PETITIONER WHEN RETURNED TO STATE WITH ADDITIONAL CRIMES, ALTHOUGH THE EXTRADITION PROCEEDINGS BY WHICH PETITIONER WAS RETURNED WERE NOT FOLLOWED.

SUPPORTING FACTS: LEWIS ARGUES THAT SINCE THE STATE OF ALABAMA, VIOLATED HIS RIGHTS DURING THE EXTRADITION PROCESS AND EXTRADITED HIM WITHOUT A VALID GOVENOR'S WARRANT, THAT ANY AND ALL ACTIONS AFTER NOV. 12. 2013 HAVE BEEN ILLEGAL AND UNCONSTITUTIONAL, INCLUDING BUT NOT LIMITED TO ANY ADDITIONAL CHARGES LODGED AFTER THAT DATE.

GROUND FOURTEEN: PETITIONER CLAIMS HIS RIGHTS OF DUE PROCESS WERE VIOLATED WHEN THE STATE OF ALABAMA CHARGED HIM WITH THE OFFENSE OF POSSESSION OF A FIREARM WITH ALTERED SERIAL NUMBER, WHEREAS POLICE DID NOT SEE PETITIONER IN POSSESSION, NOR WAS PETITIONER WITHIN CONSTRUCTIVE POSSESSION. OF SAID FIREARM. AND THAT ANY CHARGE WAS BASED CLEARLY ON HEARSAY.

SUPPORTING FACTS: LEWIS CLAIMS THAT HIS ARREST AS A FUGITIVE FROM JUSTICE WAS UNCONSTITUTIONAL, WHEREAS LEWIS WAS NEVER FORMALLY CHARGED OR INFORMED OF ANY CHARGES AGAINST HIM UNTIL HIS ARREST IN PENNSYLVANIA, AND FURTHER ASSERTS THAT SINCE A WARRANT FOR HIS ARREST WAS NOT ISSUED UNTIL OCTOBER 1ST 2013, THERE IS A QUESTION AS TO WETHER HIS ARREST IN PENNSYLVANIA WAS

GROUND FOURTEEN CONT: CONSTITUTIONAL ON ITS FACE. LEWIS ARGUES THAT THE INFORMATION WHICH WAS USED TO ARREST LEWIS COULD NOT STAND THE TEST TO OBTAIN A GOVENOR'S WARRANT, AND THAT THE STATE OF ALABAMA NAMELY BALDWIN COUNTY DISTRICT ATTORNEY'S OFFICE HAD TO WAIT TO TRY TO OBTAIN A GRAND JURY INDICTMENT, IN ORDER TO SATISFY THE REQUIREMENTS TO GET THAT WARRANT, LEWIS ALSO CONTENDS THAT BECAUSE THE EVIDENCE USED TO OBTAIN THE INDICTMENT IS BASED TOTALLY ON HEARSAY TESTIMONY, HIS RIGHT TO DUE PROCESSED LAW WAS DENIED, WHEREAS LEWIS ARGUES THAT THE STATE OF PENNSYLVANIA ISSUED A VALID GOVENOR'S WARRANT., AND IF IT DID WHY HAS THAT WARRANT NEVER BEEN PRODUCED. FURTHERMORE SINCE LEWIS WAS NEVER FOUND BY LAW ENFORCEMENT TO BE IN POSSESSION OF A FIREARM, EITHER PHYSICALLY OR CONSTRUCTIVELY AND SINCE IT WAS NOT FOUND IN OR ON HIS PROPERTY, THE CHARGE WHICH WAS USED TO EXTRADITE HIM WAS BASE STRICTLY ON HEARSAY TESTIMONY. IN FACT THE SAME CAN BE SAID FOR HIS ARREST IN PENNSYLVANIA.

# RELEVANT CORRESPONDENCE


ELECTRONICALLY FILED
7/29/2014 10:46 AM
05-CC-2013-002193.00
CIRCUIT COURT OF
BALDWIN COUNTY, ALABAMA
JODY WISE CAMPBELL, CLERK

IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

STATE OF ALABAMA *
*
v. * CASE NO. CC-2013-2193
*
JAMES LEWIS *

**NOTICE TO COURT OF DEFENDANT'S INTENTION TO MAKE APPLICATION FOR WRIT OF HABEAS CORPUS**

COMES NOW Defendant, James Lewis, by and through appointed counsel, and gives notice to this court of his intention to make application for Writ of Habeas Corpus to test the legality of his arrest and extradition pursuant to Alabama Code Section 15-9-38.

Respectfully Submitted,

/s/J. CALI ARMSTRONG (HEN065)
ARMSTRONG LAW FIRM, INC.
Attorney for Defendant
P.O. Box 1064
Daphne, AL 36526
(251) 626-2211
(251) 626-2231 facsimile

**CERTIFICATE OF SERVICE**

I do hereby certify that on this the 29 day of July, 2014, I served a true and accurate copy of the foregoing motion on the District Attorney's office, by electronic service, hand delivery, facsimile, or U.S. Mail.

/s/CALI ARMSTRONG




IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

| | | |
|---|---|---|
| STATE OF ALABAMA | ) | |
| | ) | |
| V. | ) | Case No.: CC-2013-002193.00 |
| | ) | |
| LEWIS JAMES | ) | |
| Defendant. | ) | |

ORDER

NOTICE OF INTENT TO MAKE APPLICATION FOR WRIT OF HABEAS CORPUS filed by LEWIS JAMES was heard in open court. Attorneys for the State and the defendant granted 7 days to file written briefs on the motion.

DONE this 22nd day of September, 2014.

/s/ JODY W. BISHOP
CIRCUIT JUDGE

STATE OF ALABAMA
IN THE CIRCUIT COURT OF BALDWIN COUNTY
28TH JUDICIAL CIRCUIT

State of Alabama

vs.

James Lewis

CASE NUMBER:
CC-2013-2193

**REPORTER'S OFFICIAL TRANSCRIPT ON APPEAL**

Before:

Hon. Jody W. Bishop
Circuit Judge
Bay Minette, Alabama

Appearances:

For the State:

Chandra Paul, ADA
Baldwin County District Attorney's Office
Bay Minette, Alabama

For the Defendant:

Cali Armstrong, Esquire
Attorney At Law
Daphne, Alabama

Deanna F. Jones, ACCR# 113, Official Court Reporter

**PROCEEDING: Monday, September 22, 2014 at 11:52 a.m.**

THE COURT: James Lewis. Mr. Lewis, if you'll stand.

Would you like to be over here next to your attorney?

THE DEFENDANT: Yes, sir.

THE COURT: Come on over.

Mr. Lewis, there was an outstanding motion that the Court wanted to go ahead and address prior to this case going to trial. There was a writ of habeas corpus that I believe was filed by your attorney on your behalf.

THE DEFENDANT: Yes, sir.

THE COURT: And did y'all wish to be heard on that at this time?

BY MS. ARMSTRONG: Actually, Your Honor, I would like to clarify what is before the Court. It's not actually the writ of habeas corpus but the notice of intent to make application for a writ of habeas corpus.

THE COURT: Okay.

BY MS. ARMSTRONG: And this is pursuant to Alabama Code and procedure set out therein as to how this should be accomplished.

Alabama Code Section 15-9-38 states that if the prisoner, his friends or counsel shall state that he or

they desire to test the legality of the arrest, when speaking of his extradition here, the prisoner shall be taken forthwith to a judge of a district or circuit court in this state which shall fix a reasonable time to be allowed him within which to apply for a writ of habeas corpus.

So basically our notice was that we intended to apply for a writ, and then the ball's basically in the Court's side to set a time for which that writ to be filed. That is the procedure set forth in the Code to accomplish this. So he has filed his intent to file a writ, and the Court needs to set a time within which that procedure should take place. And that's our position with our intent that we filed.

THE COURT: Okay. What says the State?

BY MS. PAUL: Your Honor, it's the State's position that any claim of unlawful arrest in regards to a writ of habeas corpus is moot at this point. Case law is clear on the issue that any objections to extradition or claims of an unlawful arrest are moot once the Defendant has transferred to the Court's jurisdiction.

There are four most cited cases that I have provided to Your Honor and to defense counsel. That's Chris White v. State, 513 Southern 2nd 17; RLAC v.

State, 823 Southern 2nd 1288; Joseph Siegel v. Edwin Edwards, Governor, 566 F2D 958; and ex parte Barker, which was with the Supreme Court of Alabama, and that's 87 Alabama 4 677.

And, Your Honor, if you will accept it orally on the record, or if you would prefer that we file response with those cases noted in writing, we can do that as well. But essentially the case law is clear. It has been cited repeatedly that once -- that any writ of habeas corpus challenge would have had to have been filed prior to him being extradited from Pennsylvania, which to my knowledge he did not do. And now that he's here in our jurisdiction, we can legally proceed to trial on any and all pending charges.

THE COURT: Okay. Anything else for either side?

THE DEFENDANT: If I may say something, Your Honor?

I think what's going on here is the State is saying that I should have filed a habeas corpus motion in Pennsylvania.

THE COURT: Right.

THE DEFENDANT: Problem with that was, was I had a ninety-day period, okay. At the end of ninety days, and I have a letter here from my -- from the public

defender's office, the State had ninety days in which to come to Pennsylvania and get me. At the end of ninety days, if the State wasn't there to get me, I was to be released.

On November 12, actually the calculation of the State of Pennsylvania, they gave me a sixty- -- There was a sixty-day extension asked for by the State of Alabama, which was granted by the courts in Pennsylvania. At the end of that sixty days, Alabama -- there were no other -- there were no other extensions that could be filed. The State of Alabama missed their time window.

I was not extradited from Pennsylvania until November 22, is when the extradition team came to get me. Consequently, Alabama passed up their chance. I should have been released in Pennsylvania. Alabama should have notified the State of Pennsylvania. In fact, the State of Alabama never filed with the State of Pennsylvania for a governor's warrant until November 6.

Meanwhile, on the 23rd of August the State of Pennsylvania was notified by the State of Alabama that, quote-unquote, extradition procedures were in the -- in proceeding and they were just waiting on the governor's paper. But that's not true. The warrant was never

even applied for until November 6. So how could they have known on the 23rd that the -- that the governor's warrant had been applied for, because it never had been. I have the -- I have the documentation.

THE COURT: Sir, let me ask you one question. I understand what you're saying. They have provided me several cases that state their position, however. Did you file any type of -- or any attorney in Pennsylvania, any written objection?

THE DEFENDANT: I was never -- I was never given an attorney in Pennsylvania.

THE COURT: But you never filed anything on your own objecting to the extradition process?

THE DEFENDANT: I objected the day that they took me to court on the 15th when the governor's warrant finally showed up.

THE COURT: Objected to a judge in Pennsylvania?

THE DEFENDANT: I objected to a judge.

THE COURT: Is there anything written that was filed?

THE DEFENDANT: It would be on the court transcript in Pennsylvania. It was in open court.

THE COURT: Okay. Anything else for either side?

THE DEFENDANT: No, Your Honor. And, again,

and I will reference specifically ex parte Barker, which states: The proposition contended for by the Petitioner's counsel can be reduced to this, that the Petitioner -- In this case they were arguing that the Petitioner should be entitled to be discharged from custody and should be allowed time, reasonable time to make good his escape again from this State, because he was illegally arrested and brought to Alabama.

That proposition is not sound and there's overwhelming array of authority against it. The case law in these cases, Your Honor, goes so far as to say that even if someone had been kidnapped and brought here, that once they're here in the Court's jurisdiction, then the Court can proceed.

THE COURT: All right. I'm going to allow each side seven days to further brief it to the Court and cite any cases that they -- and the facts that have been laid out by Mr. Lewis to the Court, too. And the Court will, after receiving those briefs, go ahead and rule on this issue and decide whether or not this thing's ripe for trial or not. Okay.

BY MS. ARMSTRONG: And for my client's benefit, can I very briefly with a few sentences state my argument for the record to what the prosecutor has said?

THE COURT: Sure.

BY MS. ARMSTRONG: My argument therein is that while State law and -- excuse me, while our case law has held that it has been held that once a fugitive is within the custody of the charging state, which would be Alabama, the legality of the extradition is no longer subject to legal attack. So I agree that case law is clear.

But what is not clear and where our case diverges from precedent that has been cited here, is that particularly in RLAC v. State, and White v. State, it was held in both of these cases that there was nothing on the record regarding the extradition, and there was nothing on the court record to even indicate that those particular defendants had been, in fact, in custody of another state to begin with.

So I think that we diverge from this particular point in that there -- it is on the record that he was in the custody of another state, and he has made a claim that he did, in fact, bring it before a court in that other state. So, our case law sets forth, as I cited before, in 15-9-38 that he has a right to test his legal position here. And because he does have these arguments, I think that it would be, in abundance of caution, the right ruling here to allow him to go

forward with his writ, and get the answer to that prior to trial.

THE COURT: All right. I'll look for those briefs on the issue and get a ruling out on this after receiving those within seven days.

BY MR. ARMSTRONG: Yes, sir.

THE COURT: Thank you so much.

THE DEFENDANT: Thank you very much, Your Honor.

THE COURT: Yes, sir.

(PROCEEDING CONCLUDED AT 12:05 P.M.)

**C E R T I F I C A T E**

STATE OF ALABAMA

COUNTY OF BALDWIN

I, Deanna F. Jones, CCR, Official Court Reporter, duly commissioned and qualified, hereby certify that the above proceedings were taken down by me, or under my personal supervision, using computer-aided transcription, and that the above is a true and correct transcript of said proceedings.

I further certify that I am neither of counsel nor of relation to the parties to this action, nor am I in anywise interested in the outcome of this case.

I further certify that I am duly licensed by the Alabama Board of Court Reporting as a Certified Court Reporter, as evidenced by the ACCR number following my name below.

So certified on this, the 25th day of November, 2014.

S/ Deanna F. Jones
Deanna F. Jones, ACCR #113
Official Court Reporter
For the Hon. Jody W. Bishop
28th Judicial Circuit
Bay Minette, Alabama

**CERTIFICATE OF COMPLETION**
**REPORTER'S TRANSCRIPT**

To: The Clerk of the Court of Criminal Appeals
P.O. Box 301555
Montgomery, Al 36130-1555

Criminal Appeals Case Number: **CR-14-0185**

**JAMES LEWIS V.STATE OF ALABAMA**

On appeal from the Circuit Court of **Baldwin** County

Trial Court Case Number: **CC-2013-2193**

Notice of Appeal Date: November 13, 2014

I, Deanna F. Jones, CCR, Official Court Reporter, certify that I have this date completed and filed with the Clerk of the trial court an email of and one copy of a true and correct transcript of all proceedings in the above-referenced case that were reported by me and were specifically designated by the appellant for inclusion on the Reporter's Transcript Order. The transcript, which is numbered serially in the upper right-hand corner of each page, begins with a copy of the Reporter's Transcript Order and an index of both the exhibits and the testimony of the witnesses. The original transcript concludes with the original of this notice and the copies of the transcript conclude with copies of this notice. The page number appearing in the upper right-hand corner of this certificate is the last page of my portion of the transcript in this case.

Done this the 25th day of November, 2014.

S/ Deanna F. Jones
Deanna F. Jones, ACCR #113
Official Court Reporter

| State of Alabama<br>Unified Judicial System<br>From ARAP - 14 Rev. 11 / 91 | **CERTIFICATE OF COMPLETION AND TRANSMITTAL OF RECORD ON APPEAL BY TRIAL CLERK** | Appellate Case Number<br>CR 14-185 |
|---|---|---|

| TO: THE CLERK OF<br>THE COURT OF CRIMINAL APPEALS OF ALABAMA | DATE OF NOTICE OF APPEAL: 10-22-2014 |
|---|---|
| APPELLANT | JAMES LEWIS |
| v. STATE OF ALABAMA | STATE OF ALABAMA |

I certify that I have this date completed and transmitted herewith to the appellate court the record on appeal by assembling in ( a single volume of 47 pages) (______ volumes of 200 pages each and one volume of ______ pages) the clerk's record and the reporter's transcript and that one copy each of the record on appeal has been served on the defendant and the Attorney General of the State of Alabama for the preparation of brief.

I certify that a copy of this certificate has this date been served on counsel for each party to the appeal.

DATED this 1ST day of DECEMBER, 2014.

JODY WISE CAMPBELL

Circuit Clerk


ELECTRONICALLY FILED
10/14/2014 8:41 PM
05-CC-2013-002193.00
CIRCUIT COURT OF
BALDWIN COUNTY, ALABAMA
ISE CAMPBELL, CL

**IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA**

| | | |
|---|---|---|
| STATE OF ALABAMA | ) | |
| | ) | |
| V. | ) | Case No.: CC-2013-002193.00 |
| | ) | |
| LEWIS JAMES | ) | |
| Defendant. | ) | |

**ORDER**

Defendant's motion for writ of habeas corpus is DENIED.

**DONE this 14th day of October, 2014.**

**/s/ JODY W. BISHOP**
**CIRCUIT JUDGE**

**IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA**

| | | |
|---|---|---|
| **STATE OF ALABAMA,** | ) | |
| | ) | |
| **v.** | ) | **Case Number: CC-2013-2193** |
| | ) | |
| **JAMES LEWIS,** | ) | |

NOTICE OF APPEAL

COMES NOW, JAMES LEWIS, the Defendant in the foregoing styled action, by and through his appointed counsel, and gives notice to this court of his intention to appeal the Order (attached as Exhibit A) entered on October 14th that denied the Defendant's writ of habeas corpus, pursuant to Rule 31 of the Alabama Rules of Criminal Procedure and the Alabama Rules of Appellate Procedure.

Respectfully submitted,

*/s/ Brantley T. Richerson*
BRANTLEY T. RICHERSON (RIC 077)
*Attorney for Defendant*

OF COUNSEL:

KOPESKY & BRITT, LLC
P. O. Box 1138
Fairhope, AL 36533
251-928-9900

**CERTIFICATE OF SERVICE**

I, the undersigned, Attorney, hereby certify that I have served a copy of the foregoing pleading upon the party listed below by mailing a copy thereof to the last known mailing address by U.S. Mail, properly addressed, first class postage paid and by Alafile on the 22nd day of October, 2014.

Hallie S. Dixon, District Attorney
P.O. Box 1269
Bay Minette, AL 36507-1269

*/s/ Brantley T. Richerson*
BRANTLEY T. RICHERSON (RIC 077)

COURT OF CRIMINAL APPEALS NO. CR 14-185

# APPEAL TO ALABAMA COURT OF CRIMINAL APPEALS

**FROM**

**CIRCUIT COURT OF** BALDWIN **COUNTY, ALABAMA**

CIRCUIT COURT NO CC 13-2193

CIRCUIT JUDGE JUDGE JODY BISHOP

Type of Conviction/ Order Appealed From: HABEAS CORPUS PETITION

Sentence Imposed: -DENIED-

Defendant Indigent: ☑ YES ☐ NO

JAMES LEWIS

**NAME OF APPELLANT**

JAMES LEWIS (PRO SE)

(Appellant's Attorney) (Telephone No.)

BALDWIN COUNTY JAIL, 200 HAND AVENUE

(Address)

BAY MINETTE, AL 36507

(City) (State) (Zip Code)

**V.**

STATE OF ALABAMA

**NAME OF APPELLEE**

(State represented by Attorney General)

NOTE: If municipal appeal, indicate above, and enter name and address of municipal attorney below.

df

(For Court of Criminal Appeals Use Only)

REV. 4/1/97

**NOTICE OF APPEAL TO THE ALABAMA COURT OF CRIMINAL APPEALS BY THE TRIAL COURT CLERK**

JAME LEWIS **V.** STATE OF ALABAMA

**APPELLANT'S NAME** (as it appears on the Indictment) **APPELLEE**

[✓] CIRCUIT [ ] DISTRICT [ ] JUVENILE COURT OF BALDWIN COUNTY

**CIRCUIT/DISTRICT/JUVENILE JUDGE:** JUDGE JODY BISHOP

**DATE OF NOTICE OF APPEAL:** 10-22-2014

(NOTE: If the appellant is incarcerated and files notice of appeal, this date should be the date on the certificate of service, or if there was no certificate of service, use the postmark date on the envelope.)

**INDIGENCY STATUS:**

- Granted Indigency Status at Trial Court [ ] Yes [ ] No
- Appointed Trial Counsel Permitted to Withdraw on Appeal: [ ] Yes [ ] No
- Indigent Status Revoked on Appeal: [ ] Yes [ ] No.

**DEATH PENALTY:**

Does the appeal Involve a case where the death penalty has been imposed? [ ] Yes [✓] No.

**TYPE OF APPEAL:** (Please check the appropriate block)

- [ ] State Conviction
- [ ] Rule 32 Petition
- [ ] Probation Revocation
- [ ] Mandamus Petition
- [ ] Pretrial Appeal by State
- [ ] Contempt Adjudication
- [ ] Municipal Conviction
- [ ] Writ of Certiorari
- [ ] Juvenile Transfer Order
- [ ] Juvenile Delinquency
- [✓] Habeas Corpus Petition
- [ ] Other (Specify)

IF THIS APPEAL IS FROM AN ORDER DENYING A PETITION (I.E, RULE 32 PETITION, WRIT OF HABEAS CORPUS, ETC.) OR FROM ANY OTHER ORDER ISSUED BY THE TRIAL JUDGE, COMPLETE THE FOLLOWING:

TRIAL COURT CASE NO.: CC 2013-2193

DATE ORDER WAS ENTERED: 10-14-2014 PETITION: [ ] Dismissed [✓] Denied [ ] Granted

IF THIS IS AN APPEAL FROM A CONVICTION, COMPLETE THE FOLLOWING:

DATE OF CONVICTION: ________ DATE OF SENTENCE: ________

YOUTHFUL OFFENDER STATUS:

Requested: [ ] Yes [ ] No Granted: [ ] Yes [ ] No

LIST EACH CONVICTION BELOW: *(attach additional page if necessary)*

1. Trial Court Case No. ________ CONVICTION: ________
   Sentence: ________
2. Trial Court Case No. ________ CONVICTION: ________
   Sentence: ________
3. Trial Court Case No. ________ CONVICTION: ________
   Sentence: ________

| POST-JUDGMENT MOTIONS FILED: (complete as appropriate) | Date Filed | Date Denied | Continued by Agreement To(*Date*) |
|---|---|---|---|
| [ ] Motion for New Trial | | | |
| [ ] Motion for Judgment of Acquittal | | | |
| [ ] Motion to Withdraw Guilty Plea | | | |
| [ ] Motion in Arrest of Judgment | | | |
| [ ] Other | | | |

COURT REPORTER (S): DEANNA JONES
ADDRESS:

APPELLATE COUNSEL:
ADDRESS:

APPELLANT: (IF PRO SE): JAMES LEWIS
AIS#
ADDRESS: BALDWIN COUNTY JAIL
200 HAND AVENUE
BAY MINETTE, AL 36507

APPELLEE (IF CITY APPEAL):
ADDRESS:

I certify that the information provided above is accurate and to the best of my knowledge and I have served a copy of this Notice of Appeal on all parties to this action on this 4TH day of NOVEMBER, 2014.

JODY WISE CAMPBELL
CIRCUIT COURT CLERK

THE STATE OF ALABAMA - - JUDICIAL DEPARTMENT

THE ALABAMA COURT OF CRIMINAL APPEALS

CR-14-0185

James Lewis, Appellant

vs.

State of Alabama, Appellee

Appeal from Baldwin Circuit Court No. CC-13-2193

**ORDER**

James Lewis appeals the circuit court's ruling denying his "Notice to Court of Defendant's Intention to Make Application for Writ of Habeas Corpus."[1] On December 10, 2014, this Court requested that Lewis respond as to why this appeal should not be dismissed because the ruling that is the subject of this appeal is not appealable. As of this date, no response has been filed to this Court's December order.

The hearing held on Lewis's motion shows that Lewis's counsel stated: "I would like to clarify what is before this Court. It's not actually the writ of habeas corpus but the notice of intent to make application for a writ of habeas corpus." (R. 2.) At the hearing, Lewis relied on § 15-9-38(b), Ala. Code 1975, to support his motion. This section states: "If the prisoner, his friends or counsel shall state that he or they desire to test the legality of the arrest, the prisoner shall be taken forthwith before a judge of a district or circuit court in this state, who shall fix a reasonable time to be allowed him within which to apply for a writ of habeas corpus." The ruling is not a "final judgment or conviction from which an appeal will lie." See Burleson v. State, 552 So. 2d 186 (Ala. Crim. App. 1989); Jones v. State, 450 So. 2d 186 (Ala. Crim. App. 1984). Accordingly, this appeal is due to be, and is hereby, **DISMISSED**. It is further ordered that the certificate of judgment shall issue forthwith.

Windom, P.J., and Welch, Kellum, Burke, and Joiner, JJ., concur.

Done this 14th day of April, 2015.

MARY BECKER WINDOM, PRESIDING JUDGE

cc: Hon. Jody Bishop, Circuit Judge
Hon. Jody Campbell, Circuit Clerk
Deanna F. Jones, Court Reporter
James Lewis, pro se
Office of the Attorney General

[1]Because no habeas corpus petition was filed it is unclear what Lewis was challenging, but it appears that he sought to attack his extradition from the State of Pennsylvania.

# THE STATE OF ALABAMA - - JUDICIAL DEPARTMENT
# THE ALABAMA COURT OF CRIMINAL APPEALS

**CR-14-0185**

James Lewis v. State of Alabama (Appeal from Baldwin Circuit Court: CC13-2193)

## CERTIFICATE OF JUDGMENT

To the Clerk of the above noted Trial Court, Greetings:

WHEREAS, the appeal in the above-referenced cause has been considered by the Court of Criminal Appeals; and

WHEREAS, an order was issued this date in said cause containing the judgment indicated below:

## Appeal Dismissed

NOW, THEREFORE, pursuant to Rule 41 of the Alabama Rules of Appellate Procedure and the order of dismissal, it is hereby certified that the aforesaid judgment is final.

**Witness.D. Scott Mitchell, Clerk Court of Criminal Appeals, on this the 14th day of April, 2015.**

D. Scott Mitchell

**Clerk**
**Court of Criminal Appeals**
**State of Alabama**

**cc:** Hon. Jody Bishop, Circuit Judge
Hon. Jody Campbell, Circuit Clerk
James Lewis, Pro Se
Office of Attorney General