IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JAMES DOUGLAS LEWIS, JR. ) | |
| AIS #00302892, ) | |
|     Petitioner, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 15-00273-CB-N |
| ) | |
| CYNTHIA STEWART,[1] ) | |
|     Respondent. ) | |

## REPORT AND RECOMMENDATIONS

Petitioner James Douglas Lewis, Jr., an Alabama prisoner proceeding *pro se* and *in forma pauperis*, has filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1). The Respondent, through the Office of the Attorney General of the State of Alabama, has timely filed an Answer (Doc. 13) to the petition, and Lewis subsequently filed a brief in support of his petition (Doc. 26), along with two motions for discovery (Docs. 19, 20), a motion for a trial by jury (Doc. 21), a motion to stay his state court criminal proceedings during the pendency of his present challenge to his extradition (Doc. 23), and a "Motion for Injunctive Relief and the Imposition of Sanctions" (Doc. 31).

Under S.D. Ala. GenLR 72(b) (effective Aug. 1, 2015), Lewis's § 2241 petition and related motions have been referred to the undersigned Magistrate Judge for

---

[1] A review of the Alabama Department of Corrections's online prisoner tracker (http://www.doc.state.al.us/InmateSearch.aspx (last visited May 27, 2016)) indicates that Lewis is currently incarcerated at ADOC's Fountain Correctional Facility. Accordingly, Cynthia Stewart, current warden of that facility (*see* http://www.doc.state.al.us/facility.aspx?loc=17), is substituted as the Respondent in this action. *See* 28 U.S.C. § 2242; *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004).

entry of a recommendation as to the appropriate disposition, in accordance with 28 U.S.C. § 636(b)(1)(B)-(C) and S.D. Ala. GenLR 72(a)(2)(R) (effective Aug. 1, 2015). Upon consideration, the undersigned **RECOMMENDS** that Lewis's § 2241 petition (Doc. 1) and related motions (Docs. 19 – 21, 23, 31) be **DENIED** and that this action be **DISMISSED with prejudice**. The undersigned further **RECOMMENDS** that Lewis be found not entitled either to a Certificate of Appealability or to proceed *in forma pauperis* on appeal.

## I.     Background

On April 1, 2013, a criminal complaint against Lewis was filed in the District Court of Baldwin County, Alabama, alleging that, on or about July 26, 2012, Lewis possessed, obtained, received, sold, or used a firearm with an altered or obliterated identification; a warrant for his arrest was issued that same day. (Doc. 13-1 at 8 – 9). At some point after the events leading to the complaint, Lewis left the State of Alabama; he was apprehended by the U.S. Marshals Fugitive Task Force in Pittsburgh, Pennsylvania, on August 14, 2013. (Doc. 1at 38 [Pennsylvania Police Fugitive Complaint]). The State of Alabama requested that the Commonwealth of Pennsylvania extradite Lewis; Pennsylvania issued an Executive Warrant authorizing Lewis's extradition to Alabama on or about November 13, 2013. (Doc. 13-1 at 2 – 6).

In the meantime, the grand jury of the Circuit Court of Baldwin County, Alabama, issued a two-count indictment against Lewis on September 20, 2013. (Doc. 13-2). In January 2014, following his extradition to Alabama, Lewis was

appointed counsel and waived arraignment on the indictment. (*See* Doc. 13-4 at 2 – 3 [Docket Sheet of Baldwin County Case # CC-2013-002193.00]). On July 29, 2014, Lewis, through appointed counsel, filed with the circuit court a "Notice to Court of Defendant's Intention to Make Application for Writ of Habeas Corpus" "to test the legality of his arrest and extradition pursuant to Alabama Code Section 15-9-38." (Doc. 1 at 54). A hearing was held on the notice on September 22, 2014, after which the circuit court set a deadline for the parties to file "written briefs." (*Id.* at 55 – 65).

On October 14, 2014, the circuit court entered an order stating, in full: "Defendant's motion for writ of habeas corpus is DENIED." (*Id.* at 68). Lewis appealed that order (*id.* at 69 – 70), but the Alabama Court of Criminal Appeals dismissed the appeal on April 14, 2015, because the circuit court's ruling was not a "final judgment or conviction from which an appeal will lie." (*Id.* at 73). The Court of Criminal Appeals also noted that no habeas corpus petition was actually filed in the circuit court. (*Id.* n.1).

On May 18, 2015 (the date Lewis certifies he delivered the petition to jail officials for mailing (*see id.* at 12)),[2] while his state criminal charges were still

---

[2] Under "the prison mailbox rule, … 'a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing.' " *Daniels v. United States*, 809 F.3d 588, 589 (11th Cir. 2015) (per curiam) (quoting *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009)). Courts "assume, '[a]bsent evidence to the contrary, ... that a prisoner delivered a filing to prison authorities on the date that he signed it.' " *Id.* (quoting *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014) (per curiam)).

3

pending, Lewis filed the instant § 2241 petition (Doc. 1),[3] expressly "challenging the legality of his extradition to Alabama, claiming both the state of Pennsylvania & Alabama violated his constitutional rights." (*Id.* at 2). On February 1, 2016, Lewis was convicted in Baldwin County Circuit Court and sentenced to a term of imprisonment in the custody of the Alabama Department of Corrections. (*See* Docs. 27, 28; Ala. Dep't of Corr.'s online prisoner locator (http://www.doc.state.al.us/InmateHistory.aspx (last visited May 27, 2016)); Baldwin County Circuit Court Case Nos. CC-2013-002193.00 & CC-2014-001455.00 (accessed via https://v2.alacourt.com/)[4]). A review of the publicly available docket of Lewis's Baldwin County criminal cases indicates that, as of the date of this Report and Recommendation, Lewis has not appealed or collaterally attacked his convictions.

---

[3] "[B]ecause this petition for habeas relief is a pre-trial petition it would only be properly asserted pursuant to 28 U.S.C. § 2241." *Hughes v. Attorney Gen. of Fla.*, 377 F.3d 1258, 1261 (11th Cir. 2004). *See also Stacey v. Warden, Apalachee Corr. Inst.*, 854 F.2d 401, 403 n.1 (11th Cir. 1988) (per curiam) ("Pre-trial habeas petitions … are properly brought under 28 U.S.C. § 2241, which applies to persons in custody regardless of whether final judgment has been rendered.").

[4] "[A] district court may take judicial notice of matters of public record…" *Halmos v. Bomardier Aerospace Corp.*, 404 F. App'x 376, 377 (11th Cir. 2010) (per curiam) (unpublished) (citing *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999)). *See also Cunningham v. Dist. Attorney's Office for Escambia Cty.*, 592 F.3d 1237, 1255 (11th Cir. 2010) ("We accept all the facts in the complaint as true and view them in the light most favorable to the nonmoving party … At the same time, however, we also take judicial notice of the state and federal court proceedings in which Cunningham was convicted or attacked his conviction."); *Keith v. DeKalb Cty., Ga.*, 749 F.3d 1034, 1041 & n.18 (11th Cir. 2014) (taking judicial notice of records from Georgia's DeKalb County Superior Court Online Judicial System).

## II.     Analysis

### A.     Lewis is due no relief under 28 U.S.C. § 2241

Lewis's § 2241 petition alleges that his extradition was carried out in violation of both his "constitutional rights" and his rights under the Uniform Criminal Extradition Action ("UCEA"), asserting fourteen grounds for relief:

1. Denied right to counsel during his arrest, detention, and extradition proceedings in Pennsylvania.

2. Denied opportunity to file challenges to legality of his arrest in Pennsylvania, and denied a hearing under the UCEA on same.

3. Held in Pennsylvania custody beyond the deadline for Alabama to present a Governor's warrant had expired on November 12, 2013.

4. Denied right to due process by not being granted a hearing to challenge his continued confinement in Pennsylvania after November 12, 2013.

5. Unlawfully held in Pennsylvania based on an invalid Alabama arrest warrant.

6. Denied discovery of documents concerning his extradition.

7. Denied "right to self-represent," causing him to be detained without representation for 51 days after extradition to Alabama.

8. Denial of various rights under the UCEA.

9. Denial of "right to a fair & speedy trial."

10. Denial of right "to have effective and knowledgeable counsel" appointed to challenge extradition.

11. Violation by Alabama of "clear constitutionally imposed duty to take affirmative action to secure [Lewis's] speedy return to state for trial."

12. Denial of right to counsel during his appeal of habeas corpus ruling.

13. Denial of due process by charging Lewis with additional crimes after being returned to Alabama, despite alleged unlawfulness of extradition.

14. Evidence used to charge Lewis and issue arrest warrant was based "strictly on hearsay testimony" and was insufficient to support Lewis's arrest in and extradition from Pennsylvania.

As the State's response correctly notes, Lewis's § 2241 petition is due to be denied because he did not file it until after being extradited to Alabama.

> In the case of extradition, "[o]nce a fugitive has been brought within custody of the demanding state, legality of extradition is no longer proper subject of any legal attack by him." *Siegel v. Edwards,* 566 F.2d 958, 960 (5th Cir. 1978) (per curiam). Specifically, "a person forcibly abducted from one state without warrant or authority of law and placed in the demanding state's custody does not have a claim for release in habeas corpus." *Johnson v. Buie,* 312 F. Supp. 1349, 1351 (W.D. Mo. 1970) (*cited with approval in Siegel,* 566 F.2d at 960). "Once the fugitive is returned to the demanding state, the right to challenge extradition becomes moot: the fugitive is no longer being detained by the asylum state, and so, the legality of his or her detention there is no longer at issue." *Barton v. Norrod,* 106 F.3d 1289, 1298 (6th Cir. 1997). Thus, … federal habeas corpus is not available to a person extradited in violation of his or her federally protected rights, even where the extradition itself was illegal …

*Harden v. Pataki*, 320 F.3d 1289, 1299 (11th Cir. 2003) (footnote omitted). *See also Beachem v. Attorney Gen. of Missouri*, 808 F.2d 1303, 1304 (8th Cir. 1987) (per curiam) ("[T]he alleged violation of the UCEA is not grounds for relief because, once in Missouri, Beachem no longer could challenge the validity of the extradition. In

*Frisbie v. Collins*, 342 U.S. 519, 522, 72 S. Ct. 509, 511–12, 96 L. Ed. 541 (1952) the Supreme Court stated that 'the power of a court to try a person for crime is not impaired by the fact that he had been brought within the court's jurisdiction by reason of a "forcible abduction." '  Further, 'nothing in the Constitution * * * requires a court to permit a guilty person rightfully convicted to escape justice because he was brought to trial against his will.' *Id.* The same reasoning applies to violations of UCEA."). Thus, Lewis is due no habeas relief for any of his claims of unlawful extradition.

Lewis's assertions that his allegedly unlawful extradition deprived Alabama of jurisdiction to try him on the charges for which he was extradited is without merit, as "the jurisdiction of a trial court over a criminal defendant is not vitiated by the violation of extradition procedures." *Harden*, 320 F.3d at 1296 (citing *Lascelles v. Georgia*, 148 U.S. 537, 544 (1893) ("The jurisdiction of the court in which the indictment is found is not impaired by the manner in which the accused is brought before it.")). *See also Ker v. Illinois*, 119 U.S. 436, 440-41 (1886) ("[F]or mere irregularities in the manner in which he may be brought into custody of the law, we do not think [a criminal defendant] is entitled to say that he should not be tried at all for the crime with which he is charged in a regular indictment … [W]hen the governor of one state voluntarily surrenders a fugitive from the justice of another state to answer for his alleged offenses, it is hardly a proper subject of inquiry on the trial of the case to examine into the details of the proceedings by which the demand was made by the one state, and the manner in which it was responded to

by the other."); *Frisbie v. Collins*, 342 U.S. 519, 522 (1952) ("This Court has never departed from the rule … that the power of a court to try a person for crime is not impaired by the fact that he had been brought within the court's jurisdiction by reason of a 'forcible abduction.' "). Thus, Lewis's motion to stay his state court criminal proceedings during the pendency of his present challenge to his extradition (Doc. 23) is due to be **DENIED**, to the extent it has not been rendered moot by his subsequent conviction and sentence.

Finally, to the extent Lewis is attempting to challenge aspects of his Alabama criminal proceedings other than his extradition, those claims are clearly unexhausted, as the State's response correctly points out. *See* 28 U.S.C. § 2254(b)(1); *Hughes v. Attorney Gen. of Fla.*, 377 F.3d 1258, 1262 & n.4 (11th Cir. 2004) (noting that exhaustion requirement of § 2254(b) applies to all habeas corpus actions by state prisoners). Nothing in the record indicates that Lewis appealed any pre-trial decisions of the Baldwin County Circuit Court other than its denial of habeas relief challenging his extradition.[5]

---

[5] "When a petitioner seeks federal habeas relief prior to a pending state criminal trial the petitioner must satisfy the '*Younger* abstention hurdles' before the federal courts can grant such relief." *Hughes,* 377 F.3d at 1262. "In *Younger*[ *v. Harris*]*,* 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669[ (1971)], the Supreme Court established that 'absent extraordinary circumstances federal courts should not enjoin pending state criminal prosecutions.' " *Id.* at 1262 (quoting *New Orleans Pub. Serv., Inc. v. Council of New Orleans,* 491 U.S. 350, 364 (1989)). "However, *Younger* abstention is inappropriate if there is no pending state criminal prosecution of the plaintiff." *Turner v. Broward Sheriff's Office*, 542 F. App'x 764, 766 (11th Cir. Oct. 4, 2013) (citing *Steffel v. Thompson*, 415 U.S. 452, 462, (1974), as "noting that the principles underlying *Younger*'s abstention doctrine, including equity, comity, and federalism, have little force where there is no pending state proceeding")). As stated previously, Lewis's state criminal prosecution is no longer pending. Thus, the undersigned will not address whether *Younger* abstention applies in this action.

The undersigned will also not construe Lewis's § 2241 petition as a petition under 28 U.S.C. § 2254 challenging his recently imposed Alabama criminal judgment. As stated

For these reasons, the undersigned finds that Lewis is due no relief under § 2241 on his present petition.[6] [7]

---

previously, in order to seek relief under § 2254, Lewis must first exhaust his state court remedies. 28 U.S.C. § 2254(b)(1).

[6] Thus, the undersigned **RECOMMENDS** that Lewis's motion for a trial by jury (Doc. 21) be **DENIED**, both because dismissal of this action moots the request and because Lewis is not entitled to a jury trial in a habeas action. *See Smith v. Wilson*, 196 F. App'x 430, 431 (7th Cir. 2006) (per curiam) (unpublished) ("Smith now argues that he was entitled to a jury trial on this factual dispute, but the contention is frivolous. The court is the sole factfinder in collateral proceedings under 28 U.S.C. § 2254. *See* § 2254(e). A collateral attack is not an action 'at law' to which the seventh amendment applies."); *Richard v. Norris*, No. 5:09CV00087 BSM, 2009 WL 2462387, at *6 (E.D. Ark. Aug. 11, 2009) ("No right to a jury trial exists in habeas corpus proceedings filed in federal court by a prisoner in state custody. *See Wickliffe v. Clark*, 783 F. Supp. 389, 390 (N.D. Ind.1991) (this principle is 'elementary and beyond dispute')."). The undersigned also **RECOMMENDS** that Lewis's motions for discovery (Docs. 19, 20) be **DENIED** as unnecessary.

[7] "Federal courts are obligated to look beyond the label of a *pro se* inmate's motion to determine if it is cognizable under a different statutory framework." *United States v. Stossel*, 348 F.3d 1320, 1322 n.2 (11th Cir. 2003) (citing *United States v. Jordan*, 915 F.2d 622, 624–25 (11th Cir. 1990). In addition to habeas relief, Lewis requests that the Court "allow him to proceed with civil action against all parties responsible for his illegal detention, and do so with prejudice against the State of Alabama." (Doc. 1 at 11). The Eleventh Circuit, noting that, "because federal habeas corpus is not available to a person extradited in violation of his or her federally protected rights, even where the extradition itself was illegal, [42 U.S.C. ]§ 1983 must be," has held that causes of action are available under § 1983 when officials violate extradition procedures protected by the Constitution and laws of the United States, and when violations of state extradition law cause the deprivation of rights protected by the Constitution and statutes of the United States. *See Harden*, 320 F.3d at 1292-1302. Moreover, claims "filed pursuant to 42 U.S.C. § 1983 seeking damages and declaratory relief for the violation of a state prisoner's federally protected extradition rights [are] not automatically barred by *Heck*" *v. Humphrey*, 512 U.S. 477 (1994). *Id.* at 1301-02.

Here, the undersigned **RECOMMENDS** that the Court decline to construe Lewis's § 2241 petition as a § 1983 complaint asserting deprivation of rights in connection with his extradition. The only relief Lewis expressly requests in his petition is release from confinement (*see* Doc. 1 at 11), which is unavailable under § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment [under § 1983], and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."); *Harden*, 320 F3d. at 1294 n.6 ("Because non-prospective injunctive relief in the case of procedural violations during extradition could only mean immediate release from confinement, Harden's prayer in this regard is foreclosed by *Preiser*."). Moreover, Lewis has indicated he understands the difference

9

### B.     Motion for Injunctive Relief and the Imposition of Sanctions

Lewis recently filed with the Court a document dated May 18, 2016, and styled "Motion for Injunctive Relief and the Imposition of Sanctions" (Doc. 31). The "Motion for Injunctive Relief" challenges Lewis's current incarceration with the Alabama Department of Corrections following his February 2016 guilty plea and sentence in Baldwin County Circuit Court and demands that this Court order his return to the Baldwin County Corrections Center. Lewis asserts that ADOC and Baldwin County officials had no authority to transfer him into state custody while his present challenge to his extradition is pending, since his alleged illegal extradition rendered his entire Baldwin County criminal proceeding "illegal." As the foregoing analysis indicates, this argument is meritless. Accordingly, Lewis's "Motion for Injunctive Relief and the Imposition of Sanctions" (Doc. 31) is due to be **DENIED**.

### C.     Certificate of Appealability

"Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court." 28 U.S.C.A. § 2253(c)(1)(A); *Sawyer v. Holder*, 326 F.3d 1363, 1364 n.3 (11th Cir. 2003) ("Based on the statutory language of 28 U.S.C. § 2253(c)(1), state prisoners proceeding under § 2241 must obtain a COA to appeal.") "A certificate of appealability may issue 'only if the applicant has made a

---

between habeas relief and relief under § 1983, as he has filed four separate § 1983 actions with this Court (S.D. Ala. Case Nos. 1:15-cv-303-WS-N, 1:15-cv-00352-KD-M, 1:15-cv-00389-KD-N, 1:15-cv-418-CG-C) since bringing the instant habeas action.

10

substantial showing of the denial of a constitutional right.' " *Spencer v. United States*, 773 F.3d 1132, 1137 (11th Cir. 2014) (en banc) (quoting 28 U.S.C. § 2253(c)(2)). However, "a COA does not require a showing that the appeal will succeed." *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

Where the district court "has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). *See also Miller-El*, 537 U.S. at 336 ("Under the controlling standard, a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." (citations omitted and punctuation modified)).). Where habeas relief is denied on procedural grounds without reaching the merits of the underlying constitutional claim(s), "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. "A prisoner seeking a COA must prove something more than the absence of frivolity or the existence of mere good faith on his or her part." *Miller-El*, 537 U.S. at 338 (quotations omitted).

Upon consideration, the undersigned **RECOMMENDS** that a Certificate of

Appealability in this action be **DENIED**. The undersigned finds that reasonable jurists could not debate whether Lewis's petition should be resolved in a different manner or that any of the issues presented is adequate to deserve encouragement to proceed further. Accordingly, Lewis is not entitled to a Certificate of Appealability on any of his claims.

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Court provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by the Petitioner, he may bring this argument to the attention of the district judge in the objections to this report and recommendation that he is entitled to submit. *See, e.g.*, *Brightwell v. Patterson*, No. CA 11-0165-WS-C, 2011 WL 1930676, at *6 (S.D. Ala. Apr. 11, 2011), *report & recommendation adopted*, 2011 WL 1930662 (S.D. Ala. May 19, 2011), *certificate of appealability denied* (11th Cir. Oct. 11, 2011 (Hull, J.)); *Griffin v. DeRosa*, No. 3:10cv342/RV/MD, 2010 WL 3943702, at *4 (N.D. Fla. Sep. 20, 2010) (providing for same procedure), *report & recommendation adopted sub nom. Griffin v. Butterworth*, 2010 W: 3943699 (N.D. Oct. 5, 2010).[8]

### D.  Appeal *In Forma Pauperis*

"An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C.A. § 1915(a)(3). This is so even

---

[8] Should the Court adopt this recommendation and deny a certificate of appealability, the petitioner "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts.

12

where, as here, a party was permitted to proceed *in forma pauperis* in the district court. Fed. R. App. P. 24(a)(3)(A). A district court's finding "that an appeal would not be in good faith because no certificate of appealability had been issued . . . is not enough to explain why the appeal on the merits would not be in good faith, because the standard governing the issuance of a certificate of appealability is not the same as the standard for determining whether an appeal is in good faith. It is more demanding." *Walker v. O'Brien*, 216 F.3d 626, 631 (7th Cir. 2000).

> A party demonstrates good faith by seeking appellate review of any issue that is not frivolous when examined under an objective standard. *See Coppedge v. United States,* 369 U.S. 438, 445, 82 S. Ct. 917, 921, 8 L. Ed. 2d 21 (1962). An issue is frivolous when it appears that "the legal theories are indisputably meritless." *Carroll v. Gross,* 984 F.2d 392, 393 (11th Cir. 1993) (citations omitted). In other words, an IFP action is frivolous, and thus not brought in good faith, if it is *860 "without arguable merit either in law or fact." *Bilal v. Driver,* 251 F.3d 1346, 1349 (11th Cir. 2001). More specifically, "arguable means capable of being convincingly argued." *Sun v. Forrester,* 939 F.2d 924, 925 (11th Cir. 1991) (internal quotations and citations omitted). Nevertheless, where a "claim is arguable, but ultimately will be unsuccessful," it should be allowed to proceed. *Cofield v. Ala. Pub. Serv. Comm'n,* 936 F.2d 512, 515 (11th Cir. 1991).

*Ghee v. Retailers Nat. Bank*, 271 F. App'x 858, 859-60 (11th Cir. 2008) (per curiam) (unpublished).

Considering the foregoing analysis, the undersigned **RECOMMENDS** the Court certify that any appeal by Lewis in this action would be without merit and therefore not taken in good faith and, accordingly, find that Lewis is not entitled to appeal *in forma pauperis*.

## IV.    Conclusion and Recommendations

In accordance with the foregoing analysis, it is **RECOMMENDED** as follows:

1. That Lewis's § 2241 habeas petition (Doc. 1), his two motions for discovery (Docs. 19, 20), his motion for a trial by jury (Doc. 21), his motion to stay his state court criminal proceedings during the pendency of his present challenge to his extradition (Doc. 23), and his "Motion for Injunctive Relief and the Imposition of Sanctions" (Doc. 31) be **DENIED**;

2. That this action be **DISMISSED with prejudice** and that judgment be entered in favor of the Respondent accordingly; and

3. That the Court find Lewis not entitled to either a certificate of appealability or to appeal *in forma pauperis*.[9]

## V.    Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P 72(b); S.D. Ala. GenLR 72(c).  The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate

---

[9] Lewis also claims to have not received copies of the Respondent's exhibits attached to its answer and moves the Court to "check into this." (Doc. 22 at 2).  To the extent Lewis is requesting that the Court send him copies of these exhibits, that request (Doc. 22) is **GRANTED**.  The Clerk of Court is **DIRECTED** to send Lewis a copy of the Respondent's exhibits (Docs. 13-1 through 13-7) along with the copy of this recommendation that will be sent to him.  However, the undersigned finds no need to delay the issuance of this recommendation for Lewis to consider these exhibits, as it is clear Lewis is due no relief under § 2241 even without reference to them.  To the extent Lewis disagrees, he may so state in his objections to this recommendation.

14

judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."  11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 31st day of May 2016.

>  */s/ Katherine P. Nelson*
> **KATHERINE P. NELSON**
> **UNITED STATES MAGISTRATE JUDGE**